[Cite as *State v. Williams*, 2014-Ohio-4117.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-14-1011

    Appellee                                        Trial Court No. CR0199606266

v.

Kevin L. Williams                                **DECISION AND JUDGMENT**

    Appellant                                       Decided:  September 19, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Kevin Williams, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a pro se accelerated appeal from a judgment of the Lucas County

Court of Common Pleas that denied appellant's motion to vacate his sentences for murder

and attempted murder imposed in 1996.  For the following reasons, the judgment of the

trial court is affirmed.

{¶ 2} The facts and procedural history relevant to the issues raised on appeal are as follows. In 1996, appellant was found guilty of the murder of one man and attempted murder of another following trial to a jury. Both convictions carried firearm specifications. Appellant was sentenced to 15 years to life for the murder conviction, to be served subsequent to a three-year term for the attached firearm specification. Additionally, appellant was sentenced to 10 to 25 years for attempted murder, to be served consecutively to the sentence for the murder conviction; the attached firearm specification was ordered served concurrently with the term for the specification attached to the murder conviction.

{¶ 3} This court affirmed appellant's convictions and sentences. *See State v. Williams*, 6th Dist. Lucas No. L-96-353, 1998 WL 135072 (Mar. 20, 1998). Thereafter, the Ohio Supreme Court declined further review. *See State v. Williams*, 82 Ohio St.3d 1442, 695 N.E.2d 265 (1998).

{¶ 4} On September 30, 2013, appellant sought to vacate his sentences on the ground that his convictions should have been merged. On December 19, 2013, the trial court found that the motion was subject to dismissal for lack of jurisdiction and denial on the merits. More specifically, the trial court denied the motion on grounds that it was an untimely petition for postconviction relief and because it failed to meet the requirements for a late or successive postconviction petition set forth in R.C. 2953.23. The trial court further noted that appellant's petition was barred by res judicata, it sought retroactive application of judicial rulings to a final judgment, and it failed to demonstrate that

2.

appellant was improperly sentenced under the law in effect at the time of sentencing. Appellant now appeals that judgment.

{¶ 5} Appellant sets forth the following sole assignment of error:

The Trial Court abused its discretion when it committed plain error by failing to complete its determination of allied offenses and merge Mr. Williams' facially evidence counts of allied offenses, after merging some of the allied counts, in violation of Defendant's rights to double jeopardy protection, due process and equal protection pursuant to R.C. 2941.25; Ohio constitution, Article I, §10 and §16; Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

{¶ 6} Appellant's petition was properly denied by the trial court for three primary reasons. First, appellant's petition was not timely filed. This court has held that a motion raising allied offense issues—as in the instant case—is properly treated as a petition for postconviction relief. *See State v. Robinson*, 6th Dist. Huron No. H-12-025, 2013-Ohio-2941, ¶ 6. We review a trial court's decision granting or denying a postconviction relief petition for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion connotes that the trial court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Pursuant to R.C. 2953.21, a petition for postconviction relief shall be filed no later than 180 days after the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. *See* R.C.

3.

2953.21(A)(2).  Appellant's appeal was decided in 1998 and his motion to vacate was filed on September 30, 2013, clearly outside the 180-day window for postconviction relief.  Although R.C. 2953.23(A) permits late filing of petitions for postconviction relief under certain circumstances, we find that appellant's petition did not meet any of the requirements for an untimely filing.  *See* R.C. 2953.23(A)(1)(a) and (b).  Thus, the trial court did not abuse its discretion in denying appellant's motion to vacate.

{¶ 7} Further, the petition fails because his claims are barred by res judicata.  Issues related to allied offenses are capable of resolution on direct appeal, and those issues are therefore barred by res judicata from consideration in a petition for postconviction relief.  *See, e.g., State v. Gates*, 6th Dist. Lucas No. L-10-1163, 2011-Ohio-3492, ¶ 13.  The petitioner bears the burden of providing evidentiary support of an alleged denial of a constitutional right and resultant prejudice.  *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus; further, in order to overcome the barrier of res judicata, evidence offered in support of the petition must be from outside the record.  *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1982).  Appellant has not offered any such evidence in support of his petition.  Additionally, appellant has not produced any qualifying new evidence or established that he could not have raised the issues presented in his motion in a direct appeal.  *See State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997).  Accordingly, res judicata applies and bars appellant's request for an allied offense determination.

4.

**{¶ 8}** Lastly, as to appellant's argument that the two offenses of which he was convicted are allied offenses of similar import, it is undisputed that there were two gunshot victims. Appellant shot the first victim in the face; that victim remained conscious and later testified that he heard three or four more shots after he was hit. The second victim was pronounced dead at the scene, having been shot in the head and chest. The evidence supports a finding that appellant had a separate animus toward each victim, which supports two separate convictions. Both this court and the Supreme Court of Ohio have held that offenses are of dissimilar import when a defendant harms multiple individuals through the same course of conduct and each offense charged is defined in terms of conduct toward another person. In such cases, a separate animus exists for each victim and offense. *See State v. Mitchell*, 6th Dist. Erie No. E-09-064, 2011-Ohio-973; *State v. Jones*, 18 Ohio St.3d 116, 118, 480 N.E.2d 408 (1985); *State v. Franklin*, 97 Ohio St.3d 1, 2002-Ohio-5304, 776 N.E.2d 26, ¶ 48.

**{¶ 9}** For the foregoing reasons, this court finds appellant's sole assignment of error not well-taken.

**{¶ 10}** Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                    _____
                                                      JUDGE

Stephen A. Yarbrough, P.J.


James D. Jensen, J.                     _____
CONCUR.                                                                 JUDGE

                                                   _____
                                                       JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.