[Cite as *State v. Osley*, 2017-Ohio-8673.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-17-1164

      Appellee                                  Trial Court No. CR0201102460

v.

Luis Osley                                            **DECISION AND JUDGMENT**

      Appellant                                 Decided:  November 22, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Andrew J. Lastra, Assistant Prosecuting Attorney, for appellee.

Luis Osley, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an accelerated appeal from the judgment of the Lucas County Court

of Common Pleas, denying appellant's, Luis Osley, "Motion to Vacate Void Sentences

for Allied Offenses of Similar Import."  For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On September 20, 2011, appellant entered pleas of guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 27 L.Ed.2d 162, 91 S.Ct. 160 (1970), to one count of involuntary manslaughter with an attached firearm specification, and one count of aggravated robbery. Appellant was sentenced to serve ten years in prison each on the counts of involuntary manslaughter and aggravated robbery, and three years in prison for the firearm specification. The sentences were ordered to be served consecutively for a total prison term of 23 years.

{¶ 3} Appellant appealed his conviction, and raised the argument that the counts of involuntary manslaughter and aggravated robbery were allied offenses of similar import. We disagreed, and held that they were committed with separate animus. We therefore affirmed appellant's conviction. *State v. Osley*, 6th Dist. Lucas No. L-11-1236, 2013-Ohio-1267, ¶ 14. Appellant appealed our decision to the Ohio Supreme Court, which denied jurisdiction. *State v. Osley*, 136 Ohio St.3d 1452, 2013-Ohio-3210, 991 N.E.2d 258.

{¶ 4} On April 17, 2017, appellant filed a "motion to vacate void sentences for allied offenses of similar import" in which he argued that our determination that his offenses were committed with separate animus was in error. Thus, he concluded that his sentences were void and must be vacated and remanded to the trial court.

2.

{¶ 5} On June 15, 2017, the trial court denied appellant's motion. In its decision, the court construed appellant's motion as a petition for postconviction relief under R.C. 2953.21, and found that it was both untimely and barred by res judicata.

## II. Assignments of Error

{¶ 6} Appellant has timely appealed the trial court's June 15, 2017 judgment, and now asserts two assignments of error for our review:

I. The trial court committed reversible error by convicting and sentencing the defendant to consecutive sentences that were allied offenses of similar import in contravention to R.C. 2941.25.

II. The defendant's sentences are void and must be vacated as a matter of law.

## III. Analysis

{¶ 7} Because appellant's assignments of error both pertain to the denial of his motion to vacate, which was based on the grounds that his convictions are void because the offenses were allied offenses of similar import, we will address them together.

{¶ 8} Generally, we review a trial court's denial of a petition for postconviction relief for an abuse of discretion, unless the trial court denies a petition by operation of law, e.g., by application of the doctrine of res judicata, in which case the review is de novo. *State v. Willis*, 2016-Ohio-335, 58 N.E.3d 515, ¶ 7 (6th Dist.).

{¶ 9} Here, we find that the trial court did not err in denying appellant's motion on either the grounds of timeliness or res judicata. As to the timeliness issue, R.C.

3.

2953.21(A)(2) provides that a postconviction petition shall be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." Because we decided appellant's direct appeal in 2013, his petition filed in 2017 is clearly untimely. Furthermore, we do not find that the exceptions to the timeliness requirement contained in R.C. 2953.23 apply. Therefore, we hold that the trial court did not err in denying his petition as untimely.

{¶ 10} Furthermore, and as an alternative reason for denying his motion, we agree with the trial court that res judicata applies. "Issues related to allied offenses are capable of resolution on direct appeal, and those issues are therefore barred by res judicata from consideration in a petition for postconviction relief." *State v. Williams*, 6th Dist. Lucas No. L-14-1011, 2014-Ohio-4117, ¶ 7, citing *State v. Gates*, 6th Dist. Lucas No. L-10-1163, 2011-Ohio-3492, ¶ 13; *see also State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus ("Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."). In appellant's direct appeal, we determined that his convictions for involuntary manslaughter and aggravated robbery were committed with separate animus, and thus were not allied offenses of similar import. Therefore, appellant is now barred by

4.

res judicata from raising this issue again in his postconviction petition, and the trial court did not err in denying his petition on this basis.

{¶ 11} Accordingly, appellant's first and second assignments of error are not well-taken.

## IV. Conclusion

{¶ 12} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                        _____
                                                        JUDGE

James D. Jensen, P.J.

                                              _____

Christine E. Mayle, J.                                  JUDGE
CONCUR.

                                              _____
                                                        JUDGE

5.