[Cite as *State v. Palmer*, 2018-Ohio-1486.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 28723 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANDREW G. PALMER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2015-04-1264 |

DECISION AND JOURNAL ENTRY

Dated: April 18, 2018

TEODOSIO, Judge.

{¶1} Appellant, Andrew G. Palmer, appeals from the denial of his petition for post-conviction relief in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This Court previously outlined the underlying facts in this case on direct appeal. *See State v. Palmer*, 9th Dist. Summit No. 28303, 2017-Ohio-2639, ¶ 2-5. To summarize, an Akron Police K-9 alerted to a FedEx parcel sent by Mr. Palmer to California. *Id.* at ¶ 2. The police obtained a search warrant for the parcel and discovered $18,000.00 in cash inside. *Id.* Several officers went to Mr. Palmer's house to talk to him. *Id.* at ¶ 3. While speaking to Mr. Palmer and awaiting a search warrant for the residence, UPS delivered a package to Mr. Palmer's front porch. *Id.* The police obtained a search warrant for the UPS package as well. *Id.* at ¶ 4. Three pounds of marijuana were discovered inside the UPS package. *Id.* $5,980.00 in cash was discovered inside the residence along with another pound of marijuana. *Id.*

{¶3} After a jury trial, Mr. Palmer was convicted of possession of marijuana and trafficking in marijuana, and $23,980.00 was subject to forfeiture. *Id.* at ¶ 5. The two counts merged for sentencing and Mr. Palmer was sentenced to thirty months in prison. *Id.* This Court affirmed Mr. Palmer's convictions on appeal. *Id.* at ¶ 16. One month after our decision, Mr. Palmer filed a timely petition for post-conviction relief in the trial court, which was denied without a hearing.

{¶4} Mr. Palmer now appeals from the trial court's denial of his petition for post-conviction relief and raises eight assignments of error for this Court's review.

{¶5} For ease of analysis, we will rearrange and consolidate Mr. Palmer's assignments of error accordingly.

## II.

### ASSIGNMENT OF ERROR FOUR

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING THE SUPPRESSION HEARING WHEN COUNSEL FAILED TO MOVE TO SUPPRESS EVIDENCE OBTAINED FROM THE FEDEX PACKAGE WHEN (A) THE PACKAGE WAS SEIZED PRIOR TO THE ESTABLISHMENT OF REASONABLE ARTICULABLE SUSPICION IN ORDER TO SUBJECT IT TO A DOG SNIFF TEST, AND, (B) THE POLICE OFFICER SEIZED THE PACKAGE A SECOND TIME, REMOVED THE PACKAGE FROM THE FEDEX BUILDING, DROVE THE PACKAGE TO THE COURTHOUSE, TOOK THE PACKAGE TO THE JUDGE'S CHAMBERS, ALL WITHOUT HAVING A WARRANT IN THE FIRST PLACE[.]

### ASSIGNMENT OF ERROR SIX

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO CHALLENGE THE INSUFFICIENT PROOF OF A COMPLETE CHAIN OF CUSTODY OF THE FEDEX PACKAGE, ESPECIALLY IN LIGHT OF THE FACT THAT THE POLICE OFFICER REMOVED THE PACKAGE FROM THE BUILDING FOR SEVERAL HOURS WITHOUT PROVIDING TIME[]LINES OR CHAIN OF EVENTS OF CUSTODY[.]

**ASSIGNMENT OF ERROR TWO**

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT APPLIED THE STANDARDS OF STRICKLAND V. WASHINGTON INCORRECTLY IN EVALUATING THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS[.]

**ASSIGNMENT OF ERROR THREE**

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DENYING PETITIONER'S POST-CONVICTION RELIEF WITHOUT ADDRESSING THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS.

**ASSIGNMENT OF ERROR EIGHT**

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ITS JUDGMENT, WHEN THE TRIAL COURT RULED THAT APPELLANT'S PETITION FAILED TO CONTAIN SUFFICIENT EVIDENCE TO SUPPORT HIS REQUEST FOR AN EVIDENTIARY HEARING[.]

**{¶6}** In his fourth and sixth assignments of error, Mr. Palmer argues that his trial counsel was ineffective for failing to challenge the warrantless seizure of the FedEx parcel as well as the chain of custody of the parcel. In his second and third assignments of error, Mr. Palmer argues that the trial court, in denying his petition for post-conviction relief, erred by incorrectly applying the *Strickland* standard to his ineffective assistance of counsel claims and further erred by failing to address his ineffective assistance of counsel claims. In his eighth assignment of error, Mr. Palmer argues that the trial court erred in finding that his petition for post-conviction relief lacked sufficient operative facts to warrant an evidentiary hearing. We disagree with all five propositions.

**{¶7}** R.C. 2953.21(A)(1)(a) permits anyone convicted of a criminal offense "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to "file a petition in the court that imposed sentence, stating the grounds for relief relied upon,

and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." Affidavits and other documentary evidence may be submitted in support of the claim for relief. *Id.* In reviewing a petition for post-conviction relief, "a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact." *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph one of the syllabus.

{¶8} "The post[-]conviction relief process is not itself a constitutional right" and petitioners receive no more rights than those granted by the statute. *State v. Wesson*, 9th Dist. Summit No. 25874, 2012-Ohio-4495, ¶ 7, citing *Calhoun* at 281. A petitioner seeking post-conviction relief is not automatically entitled to a hearing. *State v. Phillips*, 9th Dist. Summit No. 20692, 2002 Ohio App. LEXIS 788, *6 (Feb. 27, 2002), citing *Calhoun* at 282. "The trial court serves a gatekeeping function in post[-]conviction relief cases – it determines whether the petitioner will even receive a hearing." *Wesson* at ¶ 9, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 51. A trial court properly denies a petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. *Calhoun* at paragraph two of the syllabus.

{¶9} "Generally, this Court reviews a trial court's denial of a post-conviction relief petition for an abuse of discretion" unless the trial court denied the petition solely on the basis of an issue of law, which we then review de novo. *State v. Childs*, 9th Dist. Summit No. 25448, 2011-Ohio-913, ¶ 9. Our review of a denial of a petition for post-conviction relief without a

hearing is two-fold: First, we "review the trial court's decision to determine whether its findings are supported by competent and credible evidence" and; second, if the findings are properly supported, we "review[] the trial court's decision in regard to its gatekeeping function for an abuse of discretion." *Wesson* at ¶ 11, citing *Gondor* at ¶ 52. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶10} In his petition for post-conviction relief, Mr. Palmer claimed that his trial counsel should have challenged the seizure of the FedEx parcel as an unreasonable seizure because the external characteristics of the parcel did not create a reasonable suspicion in order to seize the parcel and subject it to a dog sniff. He further argued that he received ineffective assistance of counsel because trial counsel failed to challenge the chain of custody of the FedEx parcel.

{¶11} We note that Mr. Palmer's ineffective assistance of counsel claims are not barred by the doctrine of res judicata. "When a defendant is represented by different counsel at trial and on direct appeal, res judicata ordinarily bars the relitigation of any ineffective assistance of counsel claims that could have been raised on direct appeal without reference to evidence dehors the record." (Emphasis deleted.) *State v. Pannell*, 9th Dist. Wayne No. 98CA0034, 1999 Ohio App. LEXIS 82, *5 (Jan. 20, 1999), citing *State v Lentz*, 70 Ohio St.3d 527 (1994), syllabus. However, Mr. Palmer was represented by the same counsel at trial and on appeal, so his ineffective assistance claims are not barred by res judicata. The State likewise concedes that these claims are not barred by res judicata.

**{¶12}** "[I]n Ohio, a properly licensed attorney is presumed competent." *Gondor* at ¶ 62. "Counsel can provide effective assistance using numerous tactics in any given case, and debatable trial strategies do not constitute ineffective assistance of counsel." *State v. Shirley*, 9th Dist. Summit No. 20569, 2002 Ohio App. LEXIS 4, *20 (Jan. 2, 2002). To prove ineffective assistance of counsel, Mr. Palmer must establish that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Prejudice can be shown by proving "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at paragraph three of the syllabus. "[T]he Court need not address both *Strickland* prongs if an appellant fails to prove either one." *State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 34.

**{¶13}** Mr. Palmer attached several documents to his petition, including: (1) his own sworn affidavit, in which he simply avers in a single sentence that he received ineffective assistance of counsel, (2) four pages of a partial transcript, (3) the supporting affidavit for the search warrant of the FedEx parcel, and (4) his sentencing entry.

**{¶14}** The trial court stated the standard in *Strickland* and found that even though Mr. Palmer's motion to suppress was denied and his convictions were later affirmed on appeal, those results were not the product of ineffective assistance of counsel. The court noted that Mr. Palmer's court-appointed counsel argued a suppression motion at two separate hearings. Mr. Palmer then retained counsel, who filed numerous motions on Mr. Palmer's behalf before representing him both at trial and on appeal. The court further noted the lack of evidence in the

record and in Mr. Palmer's petition supporting his ineffective assistance claims, and found that the petition did not contain sufficient operative facts to warrant an evidentiary hearing.

{¶15} We conclude that the trial court's findings are supported by competent and credible evidence. In a suppression motion and at two suppression hearings, trial counsel's strategy was to challenge the officers' entry into Mr. Palmer's house and the validity of the initial search warrant to open the FedEx parcel. *See Palmer*, 2017-Ohio-2639, at ¶ 10-11. Counsel's decision not to pursue every possible angle is not ineffective assistance. *See State v. Hairston*, 9th Dist. Lorain No. 05CA008768, 2006-Ohio-4925, ¶ 69. Moreover, the use of a drug detection dog does not constitute a "search" within the meaning of the Fourth Amendment and police are not required, prior to a dog sniff, to establish either probable cause or a reasonable suspicion that drugs are concealed. *See State v. Brooks*, 9th Dist. Summit No. 28070, 2016-Ohio-7025, ¶ 14. Counsel certainly cannot be said to be ineffective for failing to pursue an argument that would not have been successful. *See State v. Bailey*, 4th Dist. Ross No. 14CA3461, 2015-Ohio-5483, ¶ 42. None of the evidence attached to Mr. Palmer's petition supports a claim of ineffective assistance of counsel. The supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that Mr. Palmer set forth sufficient operative facts to establish substantive grounds for relief. *See Calhoun*, 86 Ohio St.3d 279, at paragraph two of the syllabus. *See also State v. Bishop*, 9th Dist. Lorain No. 97CA006905, 1998 Ohio App. LEXIS 5567, *13-14 (Nov. 25, 1998) ("[A] personal affidavit containing little more than vague assertions of inadequate counsel [is] inadequate to establish the substantive grounds for relief that R.C. 2953.21 requires be found before an evidentiary hearing is granted."). The trial court properly applied the standard in *Strickland*, and Mr. Palmer has failed to show either deficient performance by trial counsel or resulting prejudice. Mr. Palmer's claim that the trial

court failed to address his ineffective assistance claims is without merit. Accordingly, we conclude that the trial court did not err or abuse its discretion in denying Mr. Palmer's petition for post-conviction relief without a hearing.

{¶16} Mr. Palmer's fourth, sixth, second, third, and eighth assignments of error are overruled.

## ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT ERRED IN FINDING PROBABLE CAUSE TO ISSUE A SEARCH WARRANT TO SEARCH THE FEDEX PACKAGE WHERE THE AFFIDAVIT LACKED SUFFICIENT FACTUAL GROUNDS TO ISSUE THE SEARCH WARRANT.

## ASSIGNMENT OF ERROR SEVEN

APPELLANT WAS DENIED A FAIR TRIAL WHEN THE PROSECUTOR WITHHELD EXCULPATORY EVIDENCE, AND THEN DESTROYED THAT EVIDENCE IMMEDIATELY FOLLOWING TRIAL, IN VIOLATION OF OHIO AND FEDERAL LAW PURSUANT TO BRADY V. MARYLAND, * * * KYLES V. WHITLEY, * * * ARIZONA V. YOUNGBLOOD, * * * CALIFORNIA V. TROMBETTA, * * * AND U.S. CONST. AMENDS VI, XIV; OHIO CONST. SECT. 1 & 10, ART. I[.]

## ASSIGNMENT OF ERROR ONE

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY RULING THAT SOME OF THE CLAIMS RAISED IN THE POST[-]CONVICTION PETITION HAD ALREADY BEEN RAISED ON DIRECT APPEAL WITHOUT STATING ON THE RECORD WHICH CLAIMS HAD ALREADY BEEN RAISED, OR, WITHOUT PROPERLY APPLYING THE DOCTRINE OF RES JUDICATA[.]

{¶17} In his fifth assignment of error, Mr. Palmer argues that the trial court erred in finding that there was probable cause to support the issuance of a search warrant. In his seventh assignment of error, Mr. Palmer argues that the prosecutor withheld and destroyed exculpatory evidence. In his first assignment of error, he argues that the trial court, in denying his petition

for post-conviction relief, erred in its application of the doctrine of res judicata and failed to state which claims were barred. We disagree with all three propositions.

{¶18} A petition for post-conviction relief may be properly dismissed without a hearing on the basis of res judicata. *State v. Griffin*, 9th Dist. Lorain No. 14CA010680, 2016-Ohio-2988, ¶ 14. Pursuant to the doctrine of res judicata:

> [A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. To avoid the preclusive effect of res judicata, post-conviction relief claims must be "based on evidence outside of the original record that existed during direct appellate proceedings." *State v. Bulls*, 9th Dist. Summit No. 27713, 2015-Ohio-5094, ¶ 9.

{¶19} Nevertheless, "[p]resenting evidence outside the record does not automatically defeat the doctrine of res judicata." (Emphasis deleted.) *State v. Stallings*, 9th Dist. Summit No. 19620, 2000 Ohio App. LEXIS 1696, *4-5 (Apr. 19, 2000). The evidence "'must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *Perry* by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim[.]'" *Id.*, quoting *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist.1995), quoting *State v. Coleman*, 1st Dist. Hamilton No. C-900811, 1993 Ohio App. LEXIS 1485, *22 (Mar. 17, 1993). The evidence dehors the record must also "demonstrate that the claims advanced in the petition could not have been fairly determined on direct appeal based on the original trial court record without resorting to evidence outside the record." (Emphasis deleted.) *Stallings* at *5. Accordingly, Mr. Palmer bears the burden to produce evidence dehors

the record that would render the judgment void or voidable and also show that he could not have appealed the claim based upon information contained in the original record. *See State v. Nemchik*, 9th Dist. Lorain No. CA98CA00729, 2000 Ohio App. LEXIS 836, *4 (Mar. 8, 2000). When a trial court denies a petition for post-conviction relief on the basis of an issue of law, such as the doctrine of res judicata, this Court reviews the matter de novo. *See State v. Tauwab*, 9th Dist. Summit No. 28022, 2017-Ohio-81, ¶ 10.

{¶20} In his petition, Mr. Palmer argued that the trial court erred in finding probable cause to issue the search warrant. He also claimed that the State withheld and destroyed exculpatory evidence, to wit: the seized cash and a FedEx surveillance video allegedly showing that a dog sniff never occurred.

{¶21} The trial court found that Mr. Palmer already argued his claims in his direct appeal, with the exception of his ineffective assistance of counsel claims.

{¶22} We conclude that the trial court's findings are supported by competent and credible evidence. Mr. Palmer previously challenged whether there was sufficient probable cause to issue a search warrant in his motion to suppress at the trial court level. *See Palmer*, 2017-Ohio-2639, at ¶ 10. Therefore, the argument could have been raised on appeal and is now barred by res judicata. The record shows that $23,980.00 in cash was seized and forfeited in this case. *See id.* at ¶ 43. Nothing in the record suggests that the State withheld or destroyed either cash or a FedEx surveillance video. The purported evidence Mr. Palmer attached to his petition includes a self-serving affidavit and other documentation that was either part of the trial court record or was available to Mr. Palmer at the time of his direct appeal. He has not provided any evidence dehors the record that meets the threshold standard of cogency required to overcome the doctrine of res judicata.

{¶23} Mr. Palmer's claims that the trial court did not properly apply the doctrine of res judicata or specifically state on the record which claims were barred by res judicata are without merit. If a trial court dismisses a petition for post-conviction relief, "it shall make and file findings of fact and conclusions of law with respect to such dismissal." R.C. 2953.21(D). This requirement is necessary "'to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause.'" *Calhoun*, 86 Ohio St.3d 279, at 291, quoting *Jones v. State*, 8 Ohio St.2d 21, 22 (1966). "A trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *Calhoun* at 291-292. Here, although the trial court did not use the term "res judicata" precisely, it stated that Mr. Palmer's remaining claims were raised on direct appeal. We conclude that the trial court's findings of fact and conclusions of law were sufficient to apprise Mr. Palmer and appellate courts of the reasons for the denial of the petition.

{¶24} Accordingly, we conclude that the trial court did not err in denying Mr. Palmer's claims.

{¶25} Mr. Palmer's fifth, seventh, and first assignments of error are overruled.

III.

{¶26} All of Mr. Palmer's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

ANDREW G. PALMER, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.