**[Cite as *State v. Hill*, 2020-Ohio-3824.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-19-1248

    Appellee                              Trial Court No. CR0201703045

v.

Jamaine Hill                                     **DECISION AND JUDGMENT**

    Appellant                             Decided: July 24, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Adam H. Houser, for appellant.

* * * * *

**ZMUDA, P.J.**

{¶ 1} Appellant, Jamaine Hill, appeals the October 4, 2019 judgment of the Lucas County Court of Common Pleas denying his petition for postconviction relief. For the following reasons we affirm the judgment of the trial court.

## I. Facts and Procedural Background

{¶ 2} On November 27, 2017, appellant was indicted on seven counts of felonious assault in violation of R.C. 2903.11(A)(2) and (D), and one count of possession of a firearm while under disability in violation of R.C. 2923.13(A)(3) and (B). The charges arose from a November 16, 2017 incident in which officers from the Toledo Police Department SWAT team executed a no-knock search warrant at appellant's residence on Caroline Street in Toledo, Ohio. Upon their arrival, the officers opened a metal security door and used a ram to breach the residence's front door. As the officers entered into the residence, appellant discharged a firearm through the now-open doorway. A Toledo Police detective, J.P., was tasked with securing the perimeter of the residence during execution of the warrant. He was struck with a bullet fired by appellant and suffered severe facial injuries. Appellant was charged with seven counts of felonious assault of a peace officer—one count each for six SWAT team members and one count for J.P.— each including a firearms specification. Appellant was also charged with possession of a firearm while under disability. On June 15, 2018, following a four day jury trial, appellant was convicted on all counts.[1]

{¶ 3} On August 30, 2019, appellant, acting pro se, filed a petition for postconviction relief pursuant to R.C. 2953.21. Appellant alleges he was denied his right to the effective assistance of counsel at trial when his counsel failed to challenge the trial

---

[1] Appellant's convictions were affirmed on direct appeal. *See State v. Hill*, 6th Dist. Lucas No. L-18-1160, 2020-Ohio-1237.

court imposing separate, consecutive sentences on purportedly allied offenses and when his counsel failed to challenge the validity of the no-knock warrant. On September 9, 2019, the state filed a motion for extension of time to respond to appellant's petition. On October 4, 2019, the trial court entered a judgment entry holding that appellant's arguments could have been raised on direct appeal and therefore were barred under the doctrine of res judicata. The trial court also denied the state's motion for extension of time to respond as moot. Appellant timely appealed the trial court's judgment and assigns the following errors for our review:

> 1. The trial court violated appellant's due process rights afforded to him under the Fifth and Fourteenth Amendments to the United States Constitution.

> 2. The trial court failed to make any findings of fact or conclusions of law when it denied appellant's petition for postconviction relief.

## II. Law and Analysis

{¶ 4} The postconviction relief process is not an appeal of the underlying criminal judgment but is a collateral civil attack on that judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). R.C. 2953.21(A)(1)(a) authorizes a trial court to determine whether "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." A petition for postconviction relief is "a means to resolve constitutional claims that would otherwise be impossible to reach because the evidence

3.

supporting those issues is not contained in the record of the petitioner's criminal conviction." *State v. Zich*, 6th Dist. Lucas No. L-15-1263, 2017-Ohio-414, ¶ 9. We review the denial of a petition for postconviction relief for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. "An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." *State v. Clement*, 6th Dist. Lucas No. L-12-1249, 2013-Ohio-3554, ¶ 5, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 5} Appellant's first assignment of error alleges the trial court abused its discretion when it denied his petition without first holding a hearing. He premises his assignment contending he was entitled to postconviction relief because he was denied his right to effective assistance of counsel. Initially, we note that "[a] criminal defendant seeking to challenge a conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing." *State v. Heiney*, 6th Dist. Lucas No. L-19-1115, 2020-Ohio-2761, ¶ 18, citing *Calhoun* at 282. "A petition for postconviction relief may be properly dismissed without a hearing on the basis of res judicata." *Id.* at ¶ 20.

{¶ 6} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226

4.

N.E.2d 104 (1967), paragraph nine of the syllabus. Res judicata bars a petition for postconviction relief where the issues raised in the petition were or could have been raised on direct appeal. *Heiney* at ¶ 21. To avoid dismissal of a petition under res judicata grounds, the petitioner must identify competent, relevant, and material evidence outside the trial record supporting their claims. *Id.* A review of appellant's petition shows that he failed to identify any such evidence.

{¶ 7} Instead, appellant's petition identifies two bases on which he alleges ineffective assistance of counsel. First, appellant argues that his trial counsel was ineffective when he failed to argue that his convictions were allied offenses of similar import and should have been merged at sentencing. We previously addressed this issue in *State v. Williams*, 6th Dist. Lucas No. L-14-1011, 2014-Ohio-4117, holding that "issues related to allied offenses are capable of resolution on direct appeal, and those issues are therefore barred by res judicata from consideration in a petition for postconviction relief." *Id.* at ¶ 7. Appellant did not raise his trial counsel's failure to challenge his consecutive sentencing in his direct appeal. *State v. Hill*, 6th Dist. Lucas No. L-18-1160, 2020-Ohio-1237. Therefore, this claim for ineffective assistance of counsel was barred by res judicata unless appellant identified evidence outside the record which supported his claim. *Id.*, citing *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169.

{¶ 8} Instead of identifying evidence outside the record in order to survive dismissal of this claim, appellant argues his counsel's failure to raise this issue

5.

constituted ineffective assistance. Because appellant fails to identify any evidence outside the record which supported his petition, he provided no reason why this claim should not have been raised on direct appeal. Therefore, his claim was barred by res judicata and the trial court did not err in dismissing this claim without first conducting a hearing. *Williams* at ¶ 7.

{¶ 9} The second basis in appellant's petition alleging ineffective assistance of counsel contends his counsel failed to object to the validity of the no-knock warrant executed on his residence. In support of his argument, appellant recites the relevant statutory language which establishes the requirements for obtaining a no-knock warrant. He then argues that the warrant conclusively shows that the requirements for obtaining a no-knock warrant were not met. Because his counsel failed to raise the validity of the no-knock warrant, he continues, he was denied the effective assistance of counsel as guaranteed by both the United States and Ohio Constitutions. Appellant attached a copy of the warrant and the supporting affidavit to his petition in support of this claim.

{¶ 10} Appellant acknowledges that his trial counsel received the warrant and its supporting affidavit through discovery and "had it in his possession long before trial was ever undertaken in this matter." This acknowledgement contradicts any argument that this claim is not barred by res judicata. Because the warrant and supporting affidavit were available to appellant's counsel prior to trial and are part of the record on appeal, they cannot serve as evidence "outside the record" to support appellant's petition. *State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985). If the failure of appellant's counsel

6.

to raise a purported facial defect in the readily available no-knock warrant was error, the record clearly established it could and, therefore, should have been raised on direct appeal. *State v. Palmer*, 2018-Ohio-1486, 110 N.E.3d 981, ¶ 18-23 (9th Dist.). Appellant's failure to do so in this case bars him from raising it in a petition for postconviction relief. *Heiney*, 6th Dist. Lucas No. L-19-1115, 2020-Ohio-2761, at ¶ 21. Therefore, the trial court did not err in dismissing this claim without a hearing. *Id.* at ¶ 18.

{¶ 11} Appellant has failed to identify any evidence outside the record in support of either claim in his petition for postconviction relief. Therefore, each of these claims were barred under res judicata and were subject to dismissal without a hearing. Because the trial court was not required to conduct a hearing on appellant's petition, he was not denied his due process rights and his first assignment of error is found not well-taken.

{¶ 12} Appellant's second assignment of error alleges the trial court's denial of his petition was against the manifest weight of the evidence because the trial court failed to separately file findings of fact and conclusions of law on which it based the dismissal. R.C. 2953.21(D) states that "if the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal." The trial court's judgment entry dismissing appellant's petition does not explicitly identify separate conclusions of fact or findings of law.

{¶ 13} When dismissing a petition for postconviction relief, the obligation of a trial court to make findings of fact and conclusions of law is mandatory. *State v. Lester*,

7.

41 Ohio St.2d 51, 322 N.E.2d 656 (1975), paragraph two of the syllabus. The purpose of requiring these findings and conclusions is to "apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *State v. Mapson*, 1 Ohio St.3d 217, 219, 438 N.E.2d 910 (1982). The Ohio Supreme Court has previously held that when the trial court's entry satisfies this purpose without specifically labeling a portion of its entry as "findings of fact and conclusions of law," it has nevertheless complied with the requirements of the statute. *State ex rel. Carrion v Harris*, 40 Ohio St.3d 19, 530 N.E.2d 1330 (1988); *State ex rel. Parker v. Russo*, 131 Ohio St.3d 175, 2012-Ohio-541, 962 N.E.2d 795. Here, the trial court's entry dismissing appellant's petition clearly satisfies this requirement.

{¶ 14} The trial court's dismissal entry notes that appellant failed to attach any evidence which was not available at trial to his petition. Further, the trial court noted that the nature of appellant's claims could have been raised on direct appeal. Finally, the trial court explicitly stated "that the issues in Hill's petition are barred by res judicata" since they were not raised on direct appeal. Therefore, the trial court's entry apprised appellant of the basis for the dismissal and enabled this court to properly determine this appeal. *Harris* at 19. As a result, the trial court's failure to delineate a specific section of its entry as findings of fact or conclusions of law is not error. Appellant's second assignment of error is not well-taken.

8.

### III. Conclusion

**{¶ 15}** Appellant's first and second assignments of error are found not well-taken.

The October 4, 2019 judgment of the Lucas County Court of Common Pleas is affirmed.

Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.