[Cite as *State v. Young*, 2015-Ohio-4973.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

DAVID A. YOUNG

    Appellant

C.A. No.     27577

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-13-071773

DECISION AND JOURNAL ENTRY

Dated: December 2, 2015

---

MOORE, Judge.

{¶1} Appellant, David Young, appeals an order of the Summit County Court of Common Pleas that denied his motion to withdraw a guilty plea. This Court affirms.

I.

{¶2} Mr. Young was charged with trafficking in heroin and possession of heroin, both felonies of the first degree. His attorney filed a motion to suppress evidence gained as a result of an investigatory stop, but withdrew the motion before it was heard as plea negotiations progressed. Mr. Young pleaded guilty to trafficking in heroin in violation of R.C. 2925.03(A)/(C)(6), and the trial court sentenced him to 36 months in prison, the minimum possible prison term for his offense. Mr. Young did not appeal. Instead, eight months later, he moved to withdraw his guilty plea under Crim.R. 32.1, arguing that his plea was not voluntary because of coercion arising from ineffective assistance of counsel in connection with the motion

to suppress. The trial court denied the motion to withdraw his guilty plea, and Mr. Young filed this appeal.

## II.

## ASSIGNMENT OF ERROR I

MR. YOUNG WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶3} Mr. Young's first assignment of error argues that because his attorney provided ineffective assistance in withdrawing the motion to suppress, his conviction for trafficking in heroin should be reversed. Mr. Young did not appeal his conviction, however, and the only matter that is before this Court on appeal is the trial court's order denying his motion to withdraw his guilty plea. Because Mr. Young's first assignment of error is not properly the subject of this appeal, it is overruled.

## ASSIGNMENT OF ERROR II

[THE] TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MR. YOUNG'S MOTION TO WITHDRAW HIS GUILTY PLEA BECAUSE HIS PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE.

{¶4} Mr. Young's second assignment of error argues that the trial court erred by denying his motion to withdraw his guilty plea because, relying on the ineffective assistance of counsel that he received in connection with the motion to suppress, Mr. Young's plea was not voluntary. This Court does not agree.

{¶5} Crim.R. 32.1 permits a trial court to allow a defendant to withdraw a guilty plea after sentencing only when necessary "to correct [a] manifest injustice[.]" This remedy is only available in extraordinary cases when a defendant has established that a fundamental flaw in the

proceedings caused a miscarriage of justice or resulted in proceedings that did not comport with the constitutional demands of due process. *State v. Griffin*, 9th Dist. Summit No. 24179, 2009-Ohio-1212, ¶ 10. "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985), quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). This Court reviews an order that denies a motion to withdraw a guilty plea for an abuse of discretion. *State v. Smith*, 49 Ohio St.2d 261 (1979), paragraph two of the syllabus.

{¶6} A defendant who argues that a guilty plea should be withdrawn because of ineffective assistance of counsel must demonstrate that counsel's performance was actually deficient and that the defendant was prejudiced by it. *State v. Xie*, 62 Ohio St.3d 521, 524, citing *Lockhart* at 57, 59. With respect to the deficient performance of counsel, the defendant must establish deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant must also demonstrate prejudice in connection with the guilty plea itself. *Lockhart* at 58-59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. The cornerstone of the analysis is whether counsel's deficient performance precluded the defendant from entering a guilty plea that was knowing and voluntary. *State v. Atkinson*, 9th Dist. Medina No. 05CA0079-M, 2006-Ohio-5806, ¶ 11.

{¶7} In this case, Mr. Young maintains that had trial counsel pursued the motion to suppress, that motion would have been granted, and the State could not have proved the charges

against him. Mr. Young's arguments, however, are hampered by the fact that the record is virtually silent with respect to the nature of the motion to suppress. The motion to suppress itself did not set forth Mr. Young's arguments with particularity, and he pleaded guilty before the motion proceeded to a hearing. Mr. Young's motion to withdraw the guilty plea and affidavit in support are equally unhelpful because they fail to identify any specific facts that tend to demonstrate that a manifest injustice has occurred. *See State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 8 (9th Dist.).

{¶8} What the limited record on appeal does support, however, is trial counsel's reasoned opinion regarding the weaknesses of the motion to suppress in light of the generous plea offer that Mr. Young had received from the State. The record also supports the conclusion that the trial court thoroughly reviewed the nature and consequences of the guilty plea with Mr. Young. In the course of the colloquy, Mr. Young affirmed that he understood that the motion to suppress was being withdrawn and that he was satisfied with the performance of his attorney. Based on the record before us, therefore, we cannot conclude that the trial court abused its discretion by denying Mr. Young's motion to withdraw his guilty plea after sentencing.

{¶9} Mr. Young's second assignment of error is overruled.

III.

{¶10} Mr. Young's assignments of error are overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

PAUL M. GRANT, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RACHEL M. RICHARDSON, Assistant Prosecuting Attorney, for Appellee.