[Cite as *State v. White*, 2019-Ohio-1159.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 18CA011305 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TREVOR P. WHITE | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 15CR092202 |

DECISION AND JOURNAL ENTRY

Dated: March 29, 2019

CALLAHAN, Judge.

{¶1} Appellant, Trevor White, appeals an order of the Lorain County Court of Common Pleas that denied his post-sentence motion to withdraw a guilty plea. This Court affirms.

I.

{¶2} On January 30, 2017, Mr. White pleaded guilty to murder in violation of R.C. 2903.02(B); two counts of aggravated robbery in violation of R.C. 2911.01(A)(1) and (A)(3), respectively; two counts of aggravated burglary in violation of R.C. 2911.11(A)(1) and (A)(2), respectively; aggravated arson in violation of R.C. 2909.02(A)(2); tampering with evidence in violation of R.C. 2921.12(A)(1); two counts of breaking and entering in violation of R.C. 2911.13(A); one count of abuse of a corpse in violation of R.C. 2927.01(B); involuntary manslaughter in violation of R.C. 2903.04(A); and one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1). Mr. White also pleaded guilty to firearm

specifications that accompanied several of the charges. The trial court sentenced Mr. White to a prison term of eighteen years to life. Mr. White did not file an appeal.

**{¶3}** On February 23, 2018, Mr. White moved to withdraw his guilty plea pursuant to Crim.R. 32.1, relying exclusively on this Court's decision in *State v. Kubisen*, 9th Dist. Lorain No. 16CA011065, 2017-Ohio-8781. The trial court denied the motion, and Mr. White filed this appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA.

**{¶4}** Mr. White's only assignment of error argues that the trial court erred by failing to allow him to withdraw his guilty plea pursuant to this Court's decision in *Kubisen*.

**{¶5}** In *Kubisen*, the State of Ohio challenged an order that referred the appellant to intervention in lieu of conviction on the basis that the requirements of R.C. 2951.041(B)(4) and (B)(6) had not been met. *Id*. at ¶ 3. This Court first noted the language of R.C. 2951.041(C), which provides that when a trial court determines that intervention in lieu of conviction is appropriate, it must "accept the offender's plea of guilty."[1] *Kubisen* at ¶ 4. This Court then reasoned from that language and from the language of Crim.R. 11(C) that "[t]he most basic premise of Crim.R. 11(C) is that a defendant enter a guilty (or no contest) plea and, thereafter, the court accept the plea." *Kubisen* at ¶ 6. This reflects no more or less than a close reading of Crim.R. 11(C).

---

[1] R.C. 2951.041 has been amended since this Court's decision in *Kubisen*. The amendments are not relevant to this appeal.

{¶6} From that point, however, this Court took a further step by interpreting what Crim.R. 11(C) must mean in its repeated use of the phrase "a plea of guilty." *See Kubisen* at ¶ 7-9. In so doing, we defined "a plea of guilty" exclusively as a single verbal response to an explicit question posed by the trial court. *Id.* This Court also intimated that anything else failed to comport with Crim.R. 11(C). *Kubisen* at ¶ 10.

{¶7} Crim.R. 11(C) speaks much to the substance of a guilty plea hearing. The Ohio Supreme Court has summarized its import in that respect:

> Crim.R. 11(C) prescribes the process that a trial court must use before accepting a plea of guilty to a felony. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8. The trial court must follow certain procedures and engage the defendant in a detailed colloquy before accepting his or her plea. [*State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25]; see Crim.R. 11(C). The court must make the determinations and give the warnings that Crim.R. 11(C)(2)(a) and (b) require and must notify the defendant of the constitutional rights that Crim.R. 11(C)(2)(c) identifies. *Veney* at ¶ 13. While the court must strictly comply with the requirements listed in Crim.R. 11(C)(2)(c), the court need only substantially comply with the requirements listed in Crim.R. 11(C)(2)(a) and (b). *Id.* at ¶ 18.

*State v. Bishop*, Slip Opinion No. 2018-Ohio-5132, ¶ 11. Crim.R. 11(C), however, does not speak with specificity to the form that "a plea of guilty" must take. *See generally State v. Alridge*, 6th Dist. Sandusky No. S-15-001, 2015-Ohio-4064, ¶ 11-15. Further reflection now compels us to conclude that this Court's decision in *Kubisen* interpreted Crim.R. 11(C) too narrowly and, for that reason, it was wrongly decided. *See generally Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, paragraph one of the syllabus.

{¶8} Mr. White's motion to withdraw his guilty plea and his argument in this Court were based solely upon *Kubisen's* conclusion regarding the form of "a plea of guilty" for purposes of Crim.R. 11(C). Consequently, this Court need not consider or define the parameters of "a plea of guilty" in order to resolve this case. While a direct inquiry to the defendant may make a clearer record, it suffices to conclude, for purpose of this opinion, that the terms of

Crim.R. 11(C) do not limit the phrase "a plea of guilty" as this Court previously stated in *Kubisen*. Mr. White's assignment of error is overruled.

III.

**{¶9}** Mr. White's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

BRETT F. MURNER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.