**[Cite as *State v. Snow-Veley*, 2023-Ohio-4682.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No.  L-23-1069

        Appellee                               Trial Court No.  CR0202202476

v.

Christopher Snow Veley                        **DECISION AND JUDGMENT**

        Appellant                             Decided:  December 21, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} This matter is on appeal from the judgment of the Lucas County Court of

Common Pleas, which, after accepting appellant, Christopher Snow-Veley's plea of

guilty pursuant to *North Carolina v. Alford,* 400 U.S. 25, 26, 91 S.Ct. 160, 27 L.Ed.2d

162 (1970) to the lesser included offense of aggravated trafficking in drugs in violation of

R.C. 2925.03(A)(2) and (C)(1)(d), a felony of the second degree, sentenced Snow-Veley to a definite prison term of four years and an indefinite prison term of six years. For the reasons that follow, we affirm.

## II. Background

{¶ 2} On February 18, 2022, police executed a search warrant at 1816 Talbot St., with the search warrant affidavit attesting to fentanyl sales from the home. Snow-Veley was present at the home at the time of the search, and police discovered fentanyl in his possession. On August 30, 2023, Snow-Veley was indicted on two counts: in Count One of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2) and (C)(9)(h), a felony of the first degree, and in Count Two of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(11) and (C)(11)(g), a felony of the first degree. Each count contained a major drug offender specification pursuant to R.C. 2941.1410(A).

{¶ 3} On September 13, 2022, Snow-Veley appeared for arraignment with counsel, and entered a not guilty plea. Snow Veley filed a motion to suppress on October 24, 2022, challenging the probable cause determination to support issuance of the warrant based on claimed deficiencies in the search warrant affidavit. The state opposed the motion, and on December 5, 2022, the trial court denied the motion.

{¶ 4} On January 26, 2023, Snow-Veley entered a guilty plea pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to the lesser included offense of Count One, aggravated trafficking in drugs, with the state agreeing to

2.

dismiss Count Two and the specifications at sentencing. The state also recommended a sentencing cap of three years. The trial court found Snow-Veley guilty and continued the matter for sentencing on February 16, 2023.

{¶ 5} At the sentencing hearing, the trial court imposed a minimum, definite prison term of 4 years, and a maximum, indefinite prison term of 6 years.

{¶ 6} At both the plea and sentencing hearings, Snow-Veley's trial counsel indicated a desire to appeal the trial court's ruling on the motion to suppress and requested appointment of counsel to pursue an appeal. After imposing sentence, the trial court appointed appellate counsel.

{¶ 7} This appeal followed.

### III. Assignment of Error

{¶ 8} On appeal, Snow-Veley asserts a single assignment of error:

> The trial court abused its discretion and erred to the prejudice of Appellant by denying his motion to suppress.

### IV. Analysis

{¶ 9} Snow-Veley does not challenge the validity of his plea, but instead, seeks to challenge the trial court's denial of his motion to suppress, despite that plea. However, a guilty plea pursuant to *North Carolina v. Alford* waives any challenge to the denial of his motion to suppress. *See State v. Hopings,* 6th Dist. Lucas No. 2019-Ohio-1486, ¶ 17-18 (citing our own precedent as well as precedent in other districts concluding an *Alford* guilty plea waives any alleged errors relative to denial of a motion to suppress).

3.

{¶ 10} Based on our own controlling precedent, Snow-Veley waived his ability to challenge the trial court's denial of his motion to suppress by entering an *Alford* plea. On appeal, he presents no argument, addressing that precedent and seeking to distinguish the issues in his own appeal. Accordingly, Snow-Veley waived the issue he asserts on appeal, and his sole assignment of error is not well-taken.

## V. Conclusion

{¶ 11} Finding substantial justice has been done, we affirm the judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.       _____

                JUDGE

Gene A. Zmuda, J.

Myron C. Duhart, P.J.      _____
CONCUR.            JUDGE

             _____

                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.