[Cite as *State v. Davis*, 2024-Ohio-3393.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. Nos. | 30707 |
|---|---|---|
| | | 30708 |
| Appellee | | 30709 |

v.

| JOESHAWN DAVIS | APPEAL FROM JUDGMENT |
|---|---|
| | ENTERED IN THE |
| Appellant | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| | CASE Nos.    CR-2018-05-1510 |
| | CR-2021-04-1622 |
| | CR 2019-01-0318 |

DECISION AND JOURNAL ENTRY

Dated: September 4, 2024

HENSAL, Judge.

{¶1}    Joeshawn Davis appeals his convictions by the Summit County Court of Common Pleas.  This Court reverses.

I.

{¶2}    Mr. Davis faced criminal charges in three cases: in a 2018 case, he was charged with identity fraud and theft; in a 2019 case, he was charged with having weapons while under a disability; and in a 2021 case, he was charged with robbery.  The trial court joined the cases for trial.  Although Mr. Davis moved to sever the joinder under Criminal Rule 13, the trial court denied that motion.  The parties engaged in settlement discussions, and when they appeared for trial on June 27, 2022, Mr. Davis's attorney told the trial court that a resolution of all three cases had been reached.  The State explained that Mr. Davis would plead guilty to the indictment in the 2018 and

2019 cases and to an amended charge in the 2021 case. When the trial court asked Mr. Davis whether he intended to plead guilty in all of the cases, he said that he believed he was only pleading guilty in the 2021 case. After conferring with Mr. Davis, his attorney informed the trial court that "[i]t's his desire to enter a plea of guilty on the robbery [in the 2021 case] and to try the other two cases."

{¶3} The State insisted that the parties agreed on a "global resolution." That position, however, was not shared by Mr. Davis's attorney, and Mr. Davis indicated that he understood that the charge in the 2021 case would not be amended unless he pleaded guilty in all three cases. After conferring with Mr. Davis again, his attorney informed the trial court that the State had agreed to a "counteroffer" as follows:

> On the [2018 case], the identity fraud and theft, he would enter a plea of guilty on the theft charge in that case. The ID fraud count would be dismissed.

> On the [2019] case, felony three, he would enter an Alford plea on that case, the felony three weapons.

> And then on the [2021] case, felony three robbery, guilty plea on that one.

The trial court asked Mr. Davis's counsel about the reasoning behind the Alford plea:

> So do you want to appeal, is that why you're doing an Alford on that one or you just want to do an Alford because he doesn't want to admit?

Mr. Davis's counsel answered that both were true and noted that "[Mr. Davis] still has that right obviously."

{¶4} The trial court then engaged in a plea colloquy with Mr. Davis, beginning with the 2019 case in which he was entering an Alford plea. Mr. Davis affirmed that he was entering the Alford plea on advice of counsel and as a result of negotiation rather than an admission of guilt. Later in the colloquy, the trial court returned to the issue of appeal rights:

Okay. You would also be waiving your right to appeal the finding of guilty in the 2018 and 2021 cases because that is by agreement that you are entering the guilty plea.

And in the [2019] case, because you're entering an Alford plea you would be entitled to appeal that if you wished to do that on the suppression issue, okay.

Turning to the colloquy required by Rule 11(C), the trial court later told Mr. Davis, "And then you would have the right to testify, but no one could comment if you decided not to testify."

{¶5} Mr. Davis entered the pleas as described by the trial court, and the trial court found him guilty on each of the charges. The trial court sentenced Mr. Davis to an aggregate prison term of four and one-half years. Mr. Davis appealed his conviction in each case.

II.

**C.A. 30709**

**ASSIGNMENT OF ERROR I**

APPELLANT'S GUILTY PLEA, MADE PURSUANT TO *NORTH CAROLINA V. ALFORD*, 400 U.S. 25, 91 S.CT. 160, 27 L.ED.2D 162 (1970), WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, BECAUSE THE TRIAL COURT INCORRECTLY ADVISED APPELLANT THAT HE WOULD NOT BE WAIVING HIS RIGHT TO APPEAL THE TRIAL COURT'S DENIAL OF HIS MOTION TO SUPPRESS BY ENTERING AN *ALFORD* PLEA.

{¶6} Mr. Davis's first assignment of error in his appeal in the 2019 case argues that because he was incorrectly advised that an *Alford* plea preserved his right to appeal, the plea was not knowing, voluntary, and intelligent. The State has conceded error in this regard, and this Court agrees that the trial court erred.

{¶7} The United States Supreme Court has recognized that "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the

crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). An *Alford* plea "is merely a species of a guilty plea," however, and it does not preserve the right to appeal. *State v. Carter*, 124 Ohio App.3d 423, 429 (2d Dist. 1997). *See also State v. Snow Veley*, 2023-Ohio-4682, ¶ 9-10 (6th Dist.) (noting that an *Alford* plea does not preserve the right to appeal the denial of a motion to suppress). When a defendant is incorrectly informed that pleading guilty preserves the right to appeal, the plea is not entered knowingly, voluntarily, and intelligently. *State v. Engle*, 74 Ohio St.3d 525, 528 (1996).

{¶8} Mr. Davis's attorney and the trial court informed him that by entering an *Alford* plea, he would preserve the right to appeal a suppression ruling. As a result, his *Alford* plea was not knowingly, voluntarily, and intelligently made. Mr. Davis's assignment of error in C.A. 30709 is sustained.

## ASSIGNMENT OF ERROR II

THE PERFORMANCE OF [MR. DAVIS'S] TRIAL COUNSEL, IN ALLOWING [HIM] TO ENTER A GUILTY PLEA, MADE PURSUANT TO *NORTH CAROLINA V. ALFORD*, 400 U.S. 25, 91 S.CT. 160, 27 L.ED.2D 162 (1970), WHILE BEING INCORRECTLY ADVISED FROM THE TRIAL COURT THAT HE WOULD BE PRESERVING HIS RIGHT TO APPEAL THE TRIAL COURT'S DENIAL OF HIS MOTION TO SUPPRESS BY ENTERING AN *ALFORD* PLEA, CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF [HIS] RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶9} Mr. Davis's second assignment of error argues that he received ineffective assistance of counsel in connection with his plea. In light of this Court's resolution of his first assignment of error, his second assignment of error is moot. *See* App.R. 12(A)(1)(c).

**C.A. 30707 and C.A. 30708**

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY ACCEPTING [MR. DAVIS'S] GUILTY PLEA WITHOUT STRICTLY COMPLYING WITH THE REQUIREMENTS CONTAINED WITHIN CRIM.R. 11(C)(2)(C).

{¶10} Mr. Davis's assignment of error in C.A. 30707 and C.A. 30708 argues that because the trial court did not adequately inform him of his right to avoid self-incrimination, his guilty pleas in those cases were not made knowingly, voluntarily, and intelligently. This Court agrees.

{¶11} A guilty plea waives certain constitutional rights, so the decision to plead guilty must be knowing, voluntary, and intelligent. *State v. Dangler*, 2020-Ohio-2765, ¶ 10. When a trial court does not explain the constitutional rights that are waived by a guilty plea, courts presume that the plea was not knowing, voluntary, and intelligent, and the defendant need not demonstrate prejudice. *Id*. at ¶ 14. The Supreme Court of Ohio "ha[s] identified these constitutional rights as those set forth in Crim.R. 11(C)(2)(c): the right to a jury trial, the right to confront one's accusers, the privilege against self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt." *Id*. When considering whether a plea was knowing, voluntary, and intelligent, "the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id*. at ¶ 17.

{¶12} The relevant provision of Rule 11(C)(2)(c) requires a trial court to

[i]nform[] the defendant and determin[e] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's

favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶13} Crim.R. 11(C)(2)(c). The trial court must "inform" the defendant that pleading guilty waives the constitutional rights described in Rule 11(C)(2)(c). *State v. Drain*, 2022-Ohio-3697, ¶ 32, quoting *State v. Ballard*, 66 Ohio St.2d 473 (1981), paragraph one of the syllabus. By entering the plea itself, however, a defendant "simultaneously waives" the constitutional rights at issue. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). As this Court has emphasized, Rule 11(C) "does not speak with specificity to the form that 'a plea of guilty' must take." *State v. White*, 2019-Ohio-1159, ¶ 7 (9th Dist.), quoting Crim.R. 11(C). Mr. Davis argues that the trial court did not adequately inform him that he would have the privilege against self-incrimination if he went to trial. *See* Crim.R. 11(C)(2)(c). Trial courts are not required to recite Rule 11(C)(2)(c) in a rote manner, and "failure to use the exact language of the rule is not fatal to [a] plea." *Ballard*, 66 Ohio St.2d at 480. Instead, when reviewing whether a trial court complied with the Rule, this Court must concentrate on "whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." *Id*.

{¶14} The privilege against self-incrimination is found in the Fifth Amendment to the United States Constitution, which provides, in part, that "No person . . . shall be compelled in any criminal case to be a witness against himself. . . ." The Fifth Amendment guarantees to criminal defendants "the right 'to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty . . . for such silence.'" (Alteration in original.) *Estelle v. Smith*, 451 U.S. 454, 468 (1981), quoting *Malloy v. Hogan*, 378 U.S. 1, 8 (1964).

{¶15} In this case, the trial court told Mr. Davis, "And then you would have the right *to testify*, but no one could comment if you decided not to testify." (Emphasis added.) Rule 11(C),

however, requires a trial court to advise a defendant that a guilty plea waives "the privilege against compulsory self-incrimination." *State v. Veney*, 2008-Ohio-5200, syllabus. Although the trial court informed Mr. Davis that he had the right *to* testify and commented on the fact that no negative inference could be drawn if he did not, the trial court did not inform Mr. Davis and determine that he understood that by his plea that he was waiving the right "to require the state to prove the [his] guilt beyond a reasonable doubt at a trial at which [he] *cannot be compelled to testify* against himself. . . ." (Emphasis added.) Crim.R. 11(C).

{¶16} Under the circumstances of these cases, therefore, we cannot conclude that the trial court complied with Rule 11(C)(2)(c) in this respect. Mr. Davis is not required to demonstrate that he was prejudiced, and this Court must presume that his pleas were not knowing, voluntary, and intelligent. *See Dangler*, 2020-Ohio-2765, at ¶ 10. Mr. Davis's assignment of error is, therefore, sustained.

### III.

{¶17} Mr. Davis's first assignment of error in C.A. 30709 is sustained, and his second assignment of error in C.A. 30709 is moot. His assignment of error in C.A. 30707 and C.A. 30708 is sustained. The judgments of the Summit County Court of Common Pleas in C.A. 30707, 30708, and 30709 are reversed, and these matters are remanded to the trial court for proceedings consistent with this opinion.

Judgments reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

BRIAN A. SMITH, Attorney at Law, for Appellant.

NEIL P. AGARWAL, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.