[Cite as *State v. Farakhan*, 2025-Ohio-1130.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

NIA FARAKHAN

    Appellant

C.A. No.     31296

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2018-0265

DECISION AND JOURNAL ENTRY

Dated: March 31, 2025

SUTTON, Judge

{¶1}　Defendant-Appellant Nia Farakhan appeals the judgment of the Summit County Court of Common Pleas dismissing her petition for postconviction relief. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2}　This case arises from the conviction of Ms. Farakhan in connection with severe injuries sustained by a six-month old child while in the care of Ms. Farakhan. Ms. Farakhan was indicted by the Summit County Grand Jury on three counts: (1) felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree; (2) endangering children, in violation of R.C. 2919.22(B)(1), a felony of the second degree; and (3) endangering children, in violation of R.C. 2919.22(A), a felony of the third degree. Ms. Farakhan was accused of violently shaking and/or slamming the child down, which caused bleeding and injury to the child's brain. The child

survived but sustained significant injuries and ongoing learning deficits. Ms. Farakhan's planned defense to the State's shaken-baby theory was the child had previously suffered from meningitis and that is what caused the child to suffer a seizure and brain injury. Ms. Farakhan intended on calling Dr. Joseph Scheller, M.D., as an expert witness at trial. The State filed a motion in limine seeking a *Daubert*[1] hearing to establish whether Dr. Scheller qualified as an expert witness. After a hearing, the trial court granted the State's motion in limine and excluded Dr. Scheller as a witness. Defense counsel filed a motion requesting additional funds for another medical expert, stating Ms. Farakhan was legally indigent and "[a]ll her funds were exhausted when she hired her previous medical expert who was ruled not qualified" by the trial court. A financial disclosure form signed by Ms. Farakhan was attached to the motion for expert funds. After defense counsel identified an expert, the trial court authorized funds for Craig H. Collison, M.D. "to conduct an evaluation of the medical records in contemplation of presenting testimony[.]" Defense counsel sought additional time for Dr. Collison to submit his expert report, which was granted. The record does not reflect whether Dr. Collison provided a report to trial counsel and no expert report from Dr. Collison appears in the record although the record reflects the trial court paid Dr. Collison's $9,900 fee.

{¶3} Ms. Farakhan eventually entered *Alford* pleas of guilty to felonious assault and two counts of endangering children pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). An *Alford* plea is a plea of guilty while still maintaining one's innocence but also with the defendant's understanding her interests require a guilty plea and the record before the court contains strong

---

[1] In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the United States Supreme Court held the trial court must act as a gatekeeper to ensure the relevance and reliability of expert scientific testimony.

evidence of actual guilt. *Id.* at 37. Ms. Farakhan was ultimately sentenced to an aggregate of 5 years in prison.

{¶4} Ms. Farakhan, represented by a new attorney, appealed her sentence to this Court, which affirmed the judgment of the trial court. *State v. Farakhan*, 2024-Ohio-1260, ¶ 8 (9th Dist.). Ms. Farakhan's sole assignment of error in her direct appeal was the trial court failed to properly consider the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12.

{¶5} On May 14, 2024, Ms. Farakhan, represented by yet another attorney, applied to reopen her direct appeal alleging ineffective assistance of appellate counsel. Ms. Farakhan claimed appellate counsel's representation was deficient in several areas. First, she alleged appellate counsel failed to argue the plea colloquy was defective because when the trial court informed her of the maximum sentence she could receive, it failed to consider whether the offenses to which she was pleading guilty would merge for purposes of sentencing and if she knew the maximum sentence she could receive was only 8 years instead of 19, she would not have pleaded guilty. This Court rejected that argument, stating "Criminal Rule 11(C)(2)(a) provides that the trial court shall not accept a plea without making sure the defendant understands 'the maximum penalty involved[.]'" We further stated:

> The defendant's understanding does not need to contemplate merger of the offenses, which is determined at the sentencing stage of the proceedings, not the plea stage. *State v. Pagan*, 2019-Ohio-4954, ¶ 26 (10th Dist.), citing *State v. Rogers*, 2015-Ohio-2459, ¶ 19 and *State v. Reed*, 2018-Ohio-3040, ¶ 26 (8th Dist.). Ms. Farakhan's counsel was not ineffective for failing to raise an issue, which every district that has considered has rejected. *See also State v. Carnahan*, 2016-Ohio-3213, ¶ 23 (3d Dist.); *State v. Jefferson*, 2014-Ohio-2555, ¶ 21 (2d Dist.). Furthermore, the trial court did not even determine that Ms. Farakhan's convictions merged, it only ordered them to run concurrently.

{¶6} Ms. Farakhan also argued appellate counsel was ineffective for not raising on appeal ineffective assistance of trial counsel for failing to raise the issue of merger at the time of

the plea colloquy. This Court rejected that argument for the same reasons we rejected her first argument concerning merger.

{¶7}   Ms. Farakhan next argued appellate counsel should have argued there was not strong evidence to support Ms. Farakhan's *Alford* plea. We rejected that argument, stating:

> The factual basis was that Ms. Farakhan was watching a baby that was not ill and was acting normally at the time he was left in Ms. Farakhan's care. When the child's mother returned, the baby was lying unresponsive on the floor. Ms. Farakhan had not called 911 and did not do so until the child's mother screamed at her to call. At the hospital, the child was determined to be suffering from a traumatic brain injury with a subdural hematoma and brain swelling. He also had retinal hemorrhaging and bruising on his face and hands that was not there earlier in the day. Doctors would have testified that those types of injuries could only happen from a shaking and slamming incident and that the injuries could have resulted in death if left untreated. Appellate counsel, therefore, could not be considered ineffective for failing to argue that there was an insufficient factual basis for Ms. Farakhan's *Alford* plea to counts of felonious assault and endangering children.

{¶8}   Ms. Farakhan argued in a motion to amend her application to reopen the direct appeal that her appellate counsel was ineffective for not asserting an alleged violation of Crim.R. 11(C)(2)(c) because the trial court failed to properly advise Ms. Farakhan she had a constitutional privilege against compulsory self-incrimination and she would waive that right if she pleaded guilty. This Court analyzed that argument, stating:

> This Court recently determined [the language the trial court used] is not sufficient to comply with [Crim.R.] 11(C)(2)(c)'s requirement "to advise a defendant that a guilty plea waives 'the privilege against compulsory self-incrimination.'" *State v. Davis*, 2024-Ohio-3393, ¶ 15 (9th Dist.), quoting *State v. Veney*, 2008-Ohio-5200, syllabus. Previously, however, courts have determined that similar language is sufficient to inform a defendant of her right to not testify against herself. *State v. Darling*, 2017-Ohio-7603, ¶ 20-21 (8th Dist.); *State v. Mayfield*, 2018-Ohio-4624, ¶ 20-23 (6th Dist.). Accordingly, Ms. Farakhan's appellate counsel's representation cannot be deficient for failing to raise this issue. *See State v. Collier,* 2011-Ohio-6154, ¶ 11 ("Appellate counsel is not ineffective for failing to anticipate future changes in the law and argue such changes on appeal.").

{¶9}   This Court denied the application to reopen on November 26, 2024, stating, "we conclude that Ms. Farakhan has not established there is a 'genuine issue' as to whether she 'was deprived of the effective assistance of counsel on appeal.'"

{¶10}  Ms. Farakhan moved for reconsideration of the denial of her application to reopen the appeal and for reconsideration en banc, which this Court denied.

{¶11}  While her application to reopen her direct appeal was pending, Ms. Farakhan filed a petition for postconviction relief arguing, "[d]ue to ineffective assistance of counsel, [Ms. Farakhan] suffered a plea, entered pursuant to [*North Carolina* v. *Alford,*] 400 U.S. 25 (1970), which was not knowing, intelligent, and voluntary[.]"  Ms. Farakhan asserted her trial counsel was ineffective due to multiple alleged deficiencies, some of which she had also asserted in her application to reopen her direct appeal.

{¶12}  The State moved to dismiss the petition for postconviction relief, arguing res judicata barred several of Ms. Farakhan's claims of ineffective assistance of counsel because they could have been raised in her direct appeal.  As for Ms. Farakhan's claims her trial counsel gave her incorrect advice concerning the case and her plea, the State argued Ms. Farakhan's affidavit was self-serving and should be discounted by the trial court.  The State also pointed out Ms. Farakhan did not submit an affidavit from trial counsel concerning trial counsel's advice to her regarding the *Alford* plea.

{¶13}  The trial court found the petition was timely pursuant to R.C. 2953.21(A)(2).  The trial court found Ms. Farakhan's claims of ineffective assistance of trial counsel were barred by res judicata, stating, "information about counsel's performance was available at the time when [Ms. Farakhan] could have filed a direct appeal."  In addition, the trial court found Ms. Farakhan's

evidence outside the record lacked credibility. The trial court dismissed the petition for postconviction relief without a hearing.

{¶14} Ms. Farakhan appeals, raising three assignments of error for our review. To facilitate our analysis, we will consider Ms. Farakhan's assignments of error together.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY FINDING [MS.] FARAKHAN'S POST-CONVICTION AFFIDAVIT SELF-SERVING, UNCREDIBLE, AND NEGATED BY THE RECORD; RENDERING THE ORDER DENYING RELIEF WITHOUT AN EVIDENTIARY HEARING IMPROPER.**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY FINDING THE FACTS ASSERTED IN [MS.] FARAKHAN'S POST-CONVICTION AFFIDAVIT UNCREDIBLE, SELF-SERVING, AND NEGATED BY THE RECORD.**

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED BY CONCLUDING THAT [RES JUDICATA] FORECLOSED REVIEW OF [MS.] FARAKHAN'S CLAIMS [OF] INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.**

{¶15} Ms. Farakhan argues her trial counsel did not object to: (1) the trial court's statements concerning the maximum sentences she could receive; (2) the trial court's alleged failure to fully comply with Crim.R. 11 in the plea colloquy; and (3) the lack of a factual basis for the *Alford* plea. She further argues her trial counsel gave her inaccurate advice concerning her appeal rights, discovery, obtaining another expert, and the length of the sentences she was facing, and avers in her affidavit she would not have entered an *Alford* plea had she received accurate advice and information from the trial court and her attorney.

{¶16} A trial court considering a timely petition for postconviction relief must first decide whether a hearing is warranted by determining whether there are substantive grounds for relief

with reference to "the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner[.]" R.C. 2953.21(D). "A trial court may dismiss a petition without a hearing if the petition 'does not allege facts which if proved would entitle the prisoner to relief' or a petition whose allegations are negated by the supporting evidence and the record." *In Re: D.J.*, 2020-Ohio-3528, ¶ 8 (9th Dist.), citing *State v. Perry*, 10 Ohio St.2d 175 (1967).

{¶17} The trial court must also consider whether the doctrine of res judicata bars the claims raised in a petition for postconviction relief. *Perry* at paragraph eight of the syllabus. Issues, including constitutional issues, cannot be considered in postconviction proceedings where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment. *Perry* at paragraph seven of the syllabus; *See also State v. Reynolds*, 79 Ohio St.3d 158, 161-162 (1997). Therefore, res judicata is grounds for dismissal of a petition. *State v. Lester*, 41 Ohio St.2d 51, 55 (1975).

{¶18} Ms. Farakhan's claims of ineffective assistance of counsel fall into two categories: issues that are apparent from the record and could have been raised in the direct appeal and issues that were not apparent from the record and for which Ms. Farakhan submits evidence outside the record. This Court will address each category separately.

### Issues that could have been raised in the direct appeal and are barred by res judicata

{¶19} "When a trial court denies a petition for post-conviction relief on the basis of . . . res judicata, this Court reviews the matter de novo." *State v. Palmer*, 2018-Ohio-1486, ¶ 19 (9th Dist.), citing *State v. Tauwab*, 2017-Ohio-81, ¶ 10 (9th Dist.).

{¶20} Ms. Farakhan argues the following constituted the ineffective assistance of counsel by trial counsel: (1) the failure to object to a defective Crim.R. 11 plea colloquy; (2) the failure to insist on a factual basis containing strong evidence of guilt required for an *Alford* plea; and (3) the failure to correct inaccurate information the trial court gave concerning the maximum penalty Ms. Farakhan was facing if convicted on all of the charges.

{¶21} Ms. Farakhan's guilty plea was made on the record and the plea hearing transcript is part of the record in this case. Any defects in the plea colloquy, trial counsel's failure to correct alleged inaccurate information concerning the potential maximum sentence Ms. Farakhan was facing, and the alleged lack of a factual basis of Ms. Farakhan's guilt for the *Alford* plea could have been raised in her direct appeal.

{¶22} Therefore, the trial court properly determined these alleged errors or deficiencies on the part of the trial counsel are barred by res judicata.

### Issues relying on evidence outside the record

{¶23} Ms. Farakhan also argues she received ineffective assistance of counsel because her trial counsel failed to adequately communicate with her concerning her case and she would have elected to go to trial or enter a conditional or no-contest plea had she been properly informed. This alleged deficient representation by trial counsel relies on purported communications, or purported lack of communications, between Ms. Farakhan and her defense attorney, which are not apparent on the record of this case and therefore Ms. Farakhan must utilize evidence outside of the record to support her claims.

{¶24} In support of her petition for postconviction relief, Ms. Farakhan submitted her own affidavit and argues the trial court erred by deeming her affidavit uncredible and negated by the record. In analyzing Ms. Farakhan's claims, the trial court utilized the two-part test set forth in

*State v. Cole,* 2 Ohio St.3d 112, 113-114 (1982). The test is whether the petitioner has introduced competent evidence of ineffective assistance that was not included in the trial record, and if so, does that evidence, if believed, together with the evidence in the trial record, establish counsel was ineffective. *State v. Blanton*, 2022-Ohio-3985, ¶ 33. Applying the first prong of the test, the trial court determined Ms. Farakhan's outside evidence was not credible "when measured against the overwhelming evidence in the record of trial counsel's competence[.]" The trial court stated:

> In this case, [Ms. Farakhan's] counsel requested funds to hire an expert, argued that the expert was credible, hired another expert, and filed multiple motions and briefs in this matter. Finally, [Ms. Farakhan's] counsel filed a sentencing memorandum, and multiple post plea motions. Upon review, the [c]ourt finds [Ms. Farakhan's] affidavit is not credible evidence to entitle her to a hearing.

**{¶25}** "In reviewing a petition for post[]conviction relief, 'a trial court should give due deference to affidavits sworn under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact.'" *Palmer* at ¶ 7, quoting *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph one of the syllabus.

**{¶26}** An abuse of discretion is more than an error of law or judgment. "[I]t implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶27}** "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 2006-Ohio-6679, ¶ 62. To prove ineffective assistance of counsel, Ms. Farakhan must establish: (1) her counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Prejudice can be shown by proving there exists a

reasonable probability that, were it not for counsel's errors, the result of the proceedings would have been different. *Id.* at paragraph three of the syllabus. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *State v. Young,* 2015-Ohio-4973, ¶ 6 (9th Dist.), quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "The cornerstone of the analysis is whether counsel's deficient performance precluded the defendant from entering a guilty plea that was knowing and voluntary." *Id.*, citing *State v. Atkinson*, 2006-Ohio-5806, ¶ 14 (9th Dist.). "[T]he Court need not address both *Strickland* prongs if an appellant fails to prove either one." *State v. Lortz*, 2008-Ohio-3108, ¶ 34 (9th Dist.).

{¶28} Ms. Farakhan provides only her version of communications with trial counsel and has not provided an affidavit from trial counsel concerning what advice or information he gave her. In other words, Ms. Farakhan is retroactively claiming trial counsel failed to adequately advise her concerning the charges against her, the maximum sentence she could receive if convicted, plea options, and expert testimony. However, during her plea hearing, Ms. Farakhan stated, "I'm aware of the evidence that will be used against me if we were to go to trial[,]" and stated she was satisfied with trial counsel's representation of her and his handling of the case. At Ms. Farakhan's sentencing hearing, trial counsel stated, "Ms. Farakhan has been a very, very good client. She's been responsible. She's worked on her case." Ms. Farakhan did not contradict her attorney on this point. There was no indication Ms. Farakhan was dissatisfied with her attorney's communications with her or her level of involvement with decisions concerning her case throughout the more than four years trial counsel represented her in the matter. The trial court docket contains numerous motions, subpoenas, and other filings by trial counsel as well as

evidence of his advocacy on behalf of Ms. Farakhan at the *Daubert* hearing, and the plea and sentencing hearings.

{¶29} Although the record does show trial counsel engaged a second expert, Ms. Farakhan also argues her trial counsel was ineffective for not identifying an expert witness that would bolster Dr. Scheller's testimony. Even if trial counsel failed to identify a specific expert witness Ms. Farakhan now claims would have bolstered the testimony of Dr. Scheller, that in and of itself is not evidence of ineffective assistance of counsel. "Even the best criminal defense attorneys would not defend a particular client in the same way." *State v. Sarvabui,* 2020-Ohio-1429, ¶ 18 (9th Dist.), quoting *Strickland* at 689. Debatable tactics will not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980). Trial counsel sought the opinions of two medical experts. One expert was excluded after a *Daubert* hearing. The opinion of the second expert is not part of the record, but the record is clear the expert was identified by counsel and the expert's fees were paid by the trial court. It was only after trial counsel identified a second medical expert and even sought an extension of time to submit the expert report that Ms. Farakhan entered her guilty plea upon the advice of counsel.

{¶30} We have reviewed the record and conclude the trial court did not abuse its discretion in finding Ms. Farakhan's statements in her affidavit were not credible. Therefore, concerning Ms. Farakhan's claims that rely on evidence outside of the record, she failed to show with credible evidence that her trial counsel's performance was deficient.

{¶31} Because several of Ms. Farakhan's claims are barred by res judicata as those claims could have been raised in her direct appeal, and the remaining claims rely on non-credible statements by Ms. Farakhan that are contradicted by the evidence in the record, the trial court did not err in dismissing Ms. Farakhan's petition for postconviction relief without a hearing.

**{¶32}** To the extent the trial court applied res judicata to *all* of Ms. Farakhan's claims of ineffective assistance of counsel, including those claims that relied on Ms. Farakhan's affidavit, we conclude such error is harmless since the trial court separately found the affidavit to lack credibility. We have reviewed the record and have concluded the trial court did not abuse its discretion in that regard.

**{¶33}** For these reasons, Ms. Farakhan's assignments of error are overruled.

### III.

**{¶34}** For the forgoing reasons, Ms. Farakhan's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

WILLIAM B. NORMAN, Attorney at law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.