[Cite as *State v. Farakhan*, 2024-Ohio-1260.]

STATE OF OHIO            )           IN THE COURT OF APPEALS
                         )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT         )

STATE OF OHIO                                C.A. No.     30791

        Appellee

        v.                                   APPEAL FROM JUDGMENT
                                             ENTERED IN THE
NIA H. FARAKHAN                              COURT OF COMMON PLEAS
                                             COUNTY OF SUMMIT, OHIO
        Appellant                            CASE No.     CR 18 01 0265

DECISION AND JOURNAL ENTRY

Dated: April 3, 2024

HENSAL, Judge.

**{¶1}** Nia Farakhan appeals her sentence from the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

**{¶2}** Ms. Farakhan entered an *Alford* plea to one count of felonious assault and two counts of endangering children after the six-month-old child she was babysitting was found unresponsive and was later diagnosed with a traumatic brain injury. After accepting her plea and finding her guilty of the offenses, the trial court sentenced her to a total of five to seven and a half years imprisonment. It resentenced her to a total of five years after realizing that the offenses were committed before the Reagan Tokes Act went into effect. Ms. Farakhan has appealed her sentence, assigning as error that the trial court failed to properly consider the required sentencing factors.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT FAILED TO PROPERLY CONSIDER THE SENTENCING FACTORS AS SET FORTH IN O.R.C. 2929.11 AND 2929.12 IMPOSING A SENTENCE WHICH IS CONTRARY TO LAW[.]

{¶3}    Ms. Farakhan argues that her sentence is contrary to law because the trial court did not properly consider the sentencing factors it was required to consider in determining her sentence.  In reviewing a felony sentence, "[t]he * * * standard for review is not whether the sentencing court abused its discretion."  R.C. 2953.08(G)(2).  "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law."  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶4}    "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record."  *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 20.  The Ohio Supreme Court has also held that a sentence is not "otherwise contrary to law" just because "the record does not support a sentence under R.C. 2929.11 or 2929.12[.]"  *Id*. at ¶ 34, 38-39.  "A sentence is 'otherwise contrary to law' for purposes of Section 2953.08(G)(2)(b) when it is 'in violation of statute or legal regulations at a given time.'"  *State v. McKnight*, 9th Dist. Medina No. 22CA0027-M, 2023-Ohio1933, ¶ 15, quoting *Jones* at ¶ 34.  "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its

judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42.

{¶5} Ms. Farakhan argues that this Court is permitted to review the findings that the trial court did make and argues that those findings are not supported by the record. At Ms. Farakhan's original sentencing hearing, the trial court noted that the child had been seriously injured and that the only way the injuries could have happened was at Ms. Farakhan's hands. It found that the seriousness factors weighed heavily in favor of a prison sentence. Regarding recidivism factors, the court noted that Ms. Farakhan had no prior offenses, but determined that the seriousness factors significantly outweighed them. It agreed with Ms. Farakhan that the offense was not the most serious form of the offenses but noted that it had to balance all the factors. It determined that a more significant prison sentence than the minimum was warranted and again noted the significant injuries to the child. The court stated that, based on all the facts and circumstances, applying the minimum sentence that would protect the public and punish Ms. Farakhan despite the burden it might place on state and local resources, after analyzing all the factors it was required to consider, including the seriousness and recidivism factors, and after reviewing the presentence investigation report, the sentence it was going to impose was a prison term of five to seven-and-a-half years.

{¶6} At the resentencing hearing, the defense presented additional evidence about the child's progress. The State countered that he still had significant cognitive deficiencies. Although giving Ms. Farakhan the opportunity to speak, the court stated that it was not going to reduce her sentence. It explained that, based on the facts and circumstances, in consideration of the relevant sentencing factors, applying the minimum sanction that would protect the public yet punish Ms. Farakhan, analyzing all the seriousness and recidivism factors, and in consideration of the

presentence investigation report, the victim impact statement, and family statements on both sides, it was imposing a sentence of five years.

{¶7} The trial court did not specifically mention Sections 2929.11 and 2929.12 at the sentencing hearing. It did, however, mention the topics that those statutes cover. It referenced the purposes of sentencing from Section 2929.11(A). It stated that it had considered the factors that make an offense more serious than usual, which are listed in Section 2929.12(B), and factors regarding recidivism, which are in Sections 2919.12(D) and (E). The court was not required to work through each part of those sections on the record. *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729 at ¶ 20. Upon review of the record, we conclude that Ms. Farakhan has not established that the record does not support the trial court's findings or that her sentence is otherwise contrary to law. *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002 at ¶ 1. Ms. Farakhan's assignment of error is overruled.

III.

{¶8} Ms. Farakhan's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

NATHAN A. RAY, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.