[Cite as *State v. Godschild*, 2025-Ohio-5085.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 2025CA0006-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| TAUREAN T. GODSCHILD | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 2024CR0228 |

DECISION AND JOURNAL ENTRY

Dated: November 10, 2025

---

STEVENSON, Presiding Judge.

{¶1} Defendant-Appellant Taurean Godschild appeals the judgment of the Medina County Court of Common Pleas finding him guilty of violating a protection order arguing the court lacked venue and sentencing him on this offense. For the following reasons, this Court affirms.

I.

{¶2} This matter arises from an event that transpired after P.S. obtained a civil protection order against Mr. Godschild that was later extended. The protection order prohibited Mr. Godschild from initiating or having any contact with P.S., either directly or "through another person." While the active protection order was in place, Mr. Godschild sent an email to P.S.'s sister that was subsequently forwarded to P.S.

{¶3} The Medina County Grand Jury indicted Mr. Godschild on one count of violating a protection order in violation of R.C. 2919.27(A)(1)/(B)(3)(c), a felony of the fifth degree. Mr. Godschild pleaded not guilty to the charge and the matter proceeded to a jury trial.

{¶4}    Officer Daniel Leone testified at trial that he was working his usual shift as a City of Brunswick police officer when P.S. came into the police department with questions about "a potential protection order violation." He verified that P.S. had an active protection order against Mr. Godschild. P.S. was previously married to Mr. Godschild and they have two children together. P.S. showed Officer Leone the email that Mr. Godschild sent to her sister. The sister had forwarded the email to P.S.

{¶5}    P.S.'s sister testified that she was surprised to receive the email from Mr. Godschild and that she was aware of the existing protection order. The sister interpreted the email as threatening in nature and she immediately called P.S. to tell her about the email. P.S.'s sister was at her home in Akron when she received Mr. Godschild's email. The sister forwarded the email to P.S. who was in Brunswick. P.S. testified that she was in Medina County, Ohio when she received the forwarded email from her sister.

{¶6}    Mr. Godschild had blind carbon-copied ("BCC'd") 76 individuals on the e-mail. Those who were BCC'd on the email included P.S.'s aunts and cousins, Mr. Godschild's mother and father, and Mr. Godchild's past associates and friends.

{¶7}    Mr. Godschild did not testify at trial or call any witnesses to testify on his behalf.

{¶8}    Mr. Godschild moved for dismissal pursuant to Crim.R. 29 at the close of the State's case in chief, arguing that he "doe[s] not believe jurisdiction has been established[.]" He "renew[ed] [his] Rule 29 motion based on lack of jurisdiction" after the jury returned a guilty verdict, again asserting that "[t]here was no evidence that the crime happened in Medina County[.]" The trial court denied Mr. Godschild's Crim.R. 29 motions.

{¶9}    The jury found Mr. Godschild guilty of violating a protection order as charged in the indictment. The trial court adopted the jury's verdict and sentenced Mr. Godschild to ten

months in prison with credit for time served. Mr. Godschild appeals the judgment of the trial court asserting two assignments of error for this Court's review.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN FAILING TO DISMISS MR. GODSCHILD'S CASE DUE TO THE STATE'S FAILURE TO ESTABLISH PROPER VENUE[.]**

{¶10} Mr. Godschild argues in his first assignment of error that the trial court erred in denying his Crim.R. 29 motion. Specifically, he argues that the State failed to establish venue by a sufficiency of the evidence at trial. We disagree.

{¶11} Although venue is not an element of an offense, "it is a fact that must be proved at trial beyond a reasonable doubt, unless it has been waived by the defendant[.]" *State v. Foreman*, 2021-Ohio-3409, ¶ 13; *State v. Young*, 2017-Ohio-1400, ¶ 13 (9th Dist.). "When a defendant challenges the sufficiency of the evidence demonstrating venue, this Court assesses the evidence to determine whether such evidence, if believed, would convince the average mind that venue was proper in the county in which it was held." *State v. Reinhardt*, 2009-Ohio-1297, ¶ 15 (9th Dist.). This Court reviews the evidence in the light most favorable to the prosecution when making this determination. *Id.* "'In essence, sufficiency is a test of adequacy.'" *Id.*, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

{¶12} To establish venue, the State must prove "that the defendant committed the alleged offense or an element of the offense in the charging county." *Foreman* at ¶ 13. Venue can be established by direct or circumstantial evidence. *Id.*; *State v. Headley*, 6 Ohio St.3d 475, 477 (1983). A conviction must be reversed if venue has not been established. *Foreman* at ¶ 31.

{¶13}  Mr. Godschild's sole argument in his first assignment of error is that the trial court erred in denying his Crim.R. 29 motion because there was insufficient evidence to establish venue in Medina County, Ohio. He contends that "the State never proved that any element of the offense occurred in Medina County."  The State argued that it established venue at trial and it points to P.S.'s trial testimony that "she received the e-mail while she was in Medina County."

{¶14}  Ohio's venue laws are codified in R.C. 2901.12. Because Mr. Godschild was charged with violating a protection order based on an email that was sent, R.C. 2901.12(I)(1) is applicable. R.C. 2901.12(I)(1) states:

> When the offense involves a computer, computer system, computer network, telecommunication, telecommunications device, telecommunications service, or information service, the offender may be tried in any jurisdiction containing any location of the computer, computer system, or computer network of the victim of the offense, in any jurisdiction from which or into which, as part of the offense, any writing, data, or image is disseminated or transmitted by means of a computer, computer system, computer network, telecommunication, telecommunications device, telecommunications service, or information service, or in any jurisdiction in which the alleged offender commits any activity that is an essential part of the offense.

{¶15}  Mr. Godschild has not disputed that he sent the email while a valid order of protection was in place and that P.S. is a protected party under the protection order. Further, Mr. Godschild has not disputed that he sent the email to P.S.'s sister. The sister testified that she received the email while at home in Akron and that she forwarded the email to P.S. in Brunswick. The State asked P.S. at trial:

> Q.      . . . When your sister [] forwarded you the email from the Defendant, were you in Medina County, Ohio?
>
> A.      Yes.

{¶16} Mr. Godschild sent the email to P.S.'s sister and 76 other individuals, including his parents and numerous other close relatives. Mr. Godschild acknowledged that the email will likely be forwarded as he wrote:

> this email last year to my babies around this same time was used to get a CPO against me. You think I would learn a lesson for sending emails and speaking my TRUTHS by now right? Especially considering it was the betrayal of my parents that forwarded my emails that helped put me in jail! I guess I'm just hard-headed and stubborn like that and will never be silenced! . . . I wonder if 12 (police) will contact me about this one too, guess it depends on how someone takes it or if it gets forwarded to people I didn't send it too like the previous emails??? Well if one of yall choose to betray me this time, at least don't be a coward about it as your name will come up in the discovery and I'll find out anyway so feel free to give me a heads up you feel me!

{¶17} Pursuant to R.C. 2901.12(I)(1), venue is proper "in any jurisdiction in which the alleged offender commits any activity that is an essential part of the offense." *See State v. Bates*, 2013-Ohio-1270, ¶ 57 (6th Dist.) (pursuant to R.C. 2901.12(I), venue is proper in the county in which the victim's computer was located); *State v. Cline*, 2008-Ohio-1866, ¶ 50 (2d Dist.) (noting that venue was also proper pursuant to R.C. 2901.12(I) in the county where the victim resided and had a computer network).

{¶18} In this case, the email was the basis of the charged offense. P.S.'s sister testified that she forwarded the email to P.S. in Brunswick. P.S. testified that she received Mr. Godschild's email when she was at home in Brunswick which is in Medina County, Ohio. Mr. Godschild was charged and tried in the county where victim lived and where she received the email. It was reasonable for Mr. Godschild to believe the victim would receive the email in Medina County. Viewing the evidence in a light most favorable to the State, venue was proper under R.C. 2901.12(I)(1). Therefore, the trial court did not err in denying Mr. Godschild's Crim.R. 29 motion regarding venue. Mr. Godschild's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY FAILING TO PROPERLY CONSIDER THE FELONY SENTENCING FACTORS REQUIRED BY R.C. 2929.11 AND R.C. 2929.12 WHEN DETERMINING MR. GODSCHILD'S SENTENCING.**

{¶19} Mr. Godschild argues in his second assignment of error that the trial court failed to properly consider the felony sentencing factors required by R.C. 2929.11 and R.C. 2929.12 when it determined his sentence. We disagree.

{¶20} The Ohio Supreme Court has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶21} "Trial courts have full discretion to impose a prison sentence within the statutory range" and are not "required to make findings or give their reasons for imposing . . . more than the minimum sentences." *State v. Foster*, 2006-Ohio-856, paragraph seven of the syllabus. "Nevertheless, 'the court must carefully consider the statutes that apply to every felony case[,]' including 'R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender.'" *State v. Lucas*, 2019-Ohio-2607, ¶ 13 (9th Dist.), quoting *State v. Mathis*, 2006-Ohio-855, ¶ 38. While the trial court must consider statutory sentencing factors, "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20. Mr. Godschild does not dispute that the trial court's sentence

falls within the statutory sentencing range for violations of R.C. 2919.27(A)(1)/(B)(3)(c). *See* R.C. 2929.13(B)(1)(b)(x) (a trial court has discretion to sentence an offender to a prison term if the offender commits the offense while on community control or probation); R.C. 2929.14(A)(5) (providing that the sentence for a felony of the fifth degree shall be a prison term between six and twelve months). The trial court recognized at the sentencing hearing that Mr. Godschild was "on supervision for violating a protection order when [he] committed this offense[]" and it sentenced him to "ten months in prison . . . with credit for 66 days[.]"

{¶22}  Mr. Godschild does not challenge the trial court's sentencing judgment entry on appeal. Rather, he argues on appeal that "the record does not demonstrate that the trial court satisfied its statutory duty" at the sentencing hearing. He contends that the trial court did not properly "discuss any specific seriousness or recidivism factors, did not address proportionality, consistency, or victim impact, and did not articulate how the sentence fulfilled the purposes of felony sentencing." Mr. Godchild maintains that the trial court's "brief and conclusory statement" that it considered "'all of the relevant factors set forth in the statute'" at the sentencing hearing "offers no meaningful engagement with the sentencing principles required by law."

{¶23}  The State argues that the trial court was not required to make any specific factual findings on the record under R.C. 2929.11 and R.C. 2929.12. It maintains that Mr. Godschild has not shown that the trial court failed to consider the statutory sentencing factors and that, because his sentence is within the statutory range, this Court shall presume the trial court considered the factors set forth in R.C. 2929.11 and R.C. 2929.12.

{¶24}  The trial court stated at the sentencing hearing that "[w]e're here today to impose sentence pursuant to a jury verdict of guilty, which was adopted by the Court, who found [Mr. Godschild] guilty of one count of violating a protection order, a felony of the fifth degree." The

State, defense counsel, and Mr. Godschild spoke at the hearing. The trial court directly addressed Mr. Godschild at the hearing. It expressed its concern that Mr. Godschild had not apologized and that he had indicated to the "presentence investigation writer . . . [that he is] in no way guilty of this offense[.]" It informed Mr. Godschild that:

> after consideration of all of the relevant factors set forth in the statute and the information contained in the presentence investigation report, the fact that you were on supervision for violating a protection order when you committed this offense, it is the sentence of this Court that you will have ten months in prison to be served in the Medina County Jail with credit for 66 days that you have served.

{¶25} The trial court did not specifically mention R.C. 2929.11 or R.C. 2929.12 at the sentencing hearing, nor was it required to do so. *State v. Farakhan*, 2024-Ohio-1260, ¶ 7 (9th Dist.), citing *Jones*, 2020-Ohio-6729, at ¶ 20 (recognizing that a trial court is "not required to work through each part [of R.C. 2929.11 or R.C. 2929.12] on the record."). The trial court did, however, specifically state that it had considered "all of the relevant factors set forth in the statute" and it mentioned topics that the statutes cover. It noted that Mr. Godschild was on supervision for violating a protection order when the offense was committed, a factor to consider under R.C. 2929.12(D)(1), and that Mr. Godschild had not apologized and had indicated to the presentence investigation writer that he was not guilty of the offense, factors relating to R.C. 2929.12(D)(3).

{¶26} The trial court stated that it had considered "all of the relevant factors set forth in the statute" and the records supports that statutory factors were considered. We accordingly conclude that Mr. Godschild has not established that the record does not support the trial court's findings or that is sentence is otherwise contrary to law. *Marcum*, 2016-Ohio-1002, at ¶ 1. Mr. Godschild's second assignment of error is overruled.

III.

{¶27} Mr. Godschild's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

ALANA VAN GUNDY, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.