[Cite as *State v. Head*, 2026-Ohio-700.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 2025CA0055-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| VICTOR HEAD | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 2025CR0144 |

DECISION AND JOURNAL ENTRY

Dated: March 2, 2026

STEVENSON, Judge.

{¶1} Defendant-Appellant Victor Head appeals the judgment of the Medina County Court of Common Pleas sentencing him to a 20-year driver's license suspension. For the following reasons, this Court affirms.

I.

{¶2} The Medina County Grand Jury indicted Mr. Head on one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B)(C)(5)(a)(ii), a felony of the third degree. The charge arose from a 20-minute police pursuit of a vehicle driven by Mr. Head on Interstate 71. The pursuit involved multiple "police . . . [and] sheriffs[.]" Mr. Head confirmed that he did not stop when the police activated their lights; his driving was reckless; he put the lives of the officers and others in danger; and the pursuit ended only after the police used spike sticks to stop his vehicle. He denied suffering from any mental illness.

{¶3} Mr. Head pleaded not guilty to the charge at his arraignment. The court set bond with the condition that Mr. Head obtain a mental health assessment.

{¶4} After plea negotiations, the State moved to amend the indictment to a charge of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B)(C)(3), a felony of the fourth degree, with an agreed joint recommendation to the court of a period of two years nonresidential community control sanction.

{¶5} Mr. Head pleaded guilty to the amended indictment at a July 31, 2025, change of plea hearing. He signed a written plea of guilty at the change of plea hearing.

{¶6} The trial court informed Mr. Head of his Crim.R. 11 rights. Mr. Head was informed that the court is required to impose a mandatory driver's license suspension of three years to life for the offense. The trial court accepted Mr. Head's plea and found him guilty of the amended charge. Mr. Head and the State waived a presentence investigation, and the matter proceeded to sentencing.

{¶7} Mr. Head "apologize[d] to the Court and all of the police, the sheriffs involved for me and my reckless driving and putting them in harm's way" at the change of plea and sentencing hearing. Defense counsel informed the trial court that Mr. Head "has come to express his remorse for his actions in not stopping" and that Mr. Head understands "how his actions placed the lives of the officers and others in danger." Counsel represented that Mr. Head has various mental health disorders, including "cannabis use disorder[,]" and that Mr. Head had stopped taking his medication two days before the incident. Counsel informed the court that he had explained to Mr. Head "he has to abstain 100 percent from the use of cannabis."

{¶8}    Defense counsel requested the minimum three-year driver's license suspension for the offense. The State "deferr[ed] to the Court regarding the length of the mandatory license suspension."

{¶9}    The court sentenced Mr. Head to the jointly recommended two years of supervision by the adult probation department and it imposed a 20-year driver's license suspension. Mr. Head appeals the 20-year driver's license suspension, asserting one assignment of error for this Court's review.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER THE OVERALL PURPOSES OF FELONY SENTENCING, THE LIKELIHOOD OF RECIDIVISM, AND THE NEED TO PROTECT THE PUBLIC FROM SERIOUS HARM WHEN IT IMPOSED A TWENTY YEAR DRIVER'S LICENSE SUSPENSION.**

{¶10}    Mr. Head argues in his sole assignment of error that the trial court erred when it imposed a 20-year driver's license suspension. We disagree.

{¶11}    The Ohio Supreme Court has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶12}    Trial courts have full discretion to impose a sentence within the statutory range and are not "required to make findings or give their reasons for imposing . . . more than the minimum sentences." *State v. Foster*, 2006-Ohio-856, paragraph seven of the syllabus. "Nevertheless, 'the

court must carefully consider the statutes that apply to every felony case[,]' including 'R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender.'" *State v. Lucas*, 2019-Ohio-2607, ¶ 13 (9th Dist.), quoting *State v. Mathis*, 2006-Ohio-855, ¶ 38. While the trial court must consider statutory sentencing factors, "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20; *State v. Godschild*, 2025-Ohio-5085, ¶ 21 (9th Dist.).

{¶13} Mr. Head does not dispute that the trial court was required to impose a driver's license suspension as part of his sentence under R.C. 2921.331(B) and (E). He also does not dispute that the 20-year suspension falls within statutory range under R.C. 4510.02(A)(2). Mr. Head argues on appeal that the facts of this case do not support a 20-year license suspension and "that the trial court erred by wholly failing to consider the minimum sanction of a 3 year license suspension." He contends that the factors set forth in R.C. 2929.12(B) and (E) relating to the seriousness of the conduct and the likelihood of recidivism do not apply and that the trial court failed to consider the less likely recidivism factors under R.C. 2929.12(E).

{¶14} The State points out that "[t]he trial court stated in its sentencing entry that it had considered 'the principles and purposes of sentencing set forth in R.C. 2929.11'" and it argues that the trial court was not required to make any specific factual findings on the record under R.C. 2929.11 and R.C. 2929.12. It maintains that Mr. Head has not shown that the trial court failed to consider the statutory sentencing factors and that, because the 20-year license suspension is within the statutory range, this Court shall presume the trial court considered the factors set forth in R.C. 2929.11 and R.C. 2929.12.

{¶15}   The State, defense counsel, and Mr. Head spoke at the change of plea/sentencing hearing. The trial court directly addressed Mr. Head at the hearing.  Mr. Head acknowledged that he did not "stop when the police turned their lights on" and that his "reckless driving" put "all of the police, the sheriffs involved . . . in harm's way." Defense counsel represented that Mr. Head understood "how his actions placed the lives of the officers and others in danger." Mr. Head acknowledged that the police pursuit lasted 20 minutes on Interstate 71 and that he only came to a stop after the police used spikes to stop his vehicle.

{¶16}   The trial court did not specifically mention R.C. 2929.11 or R.C. 2929.12 at the sentencing hearing, nor was it required to do so. *State v. Farakhan*, 2024-Ohio-1260, ¶ 7 (9th Dist.), citing *Jones*, 2020-Ohio-6729, at ¶ 20 (recognizing that a trial court is "not required to work through each part [of R.C. 2929.11 or R.C. 2929.12] on the record."); *Godschild*, 2025-Ohio-5085, ¶ 25-26 (9th Dist.) (trial court did not specifically mention R.C. 2929.11 or R.C. 2929.12 at sentencing, but judgment affirmed where topics the statutes cover were mentioned at sentencing). It states in its sentencing entry, however, that the imposed sanctions "are consistent with the principles and purposes of sentencing set forth in R.C. 2929.11 and are adequate to punish the Defendant and protect the public from future crime by this Defendant and/or others."

{¶17}   As set forth above, Mr. Head acknowledged that he did not "stop when the police turned their lights on" and that his "reckless driving" put the "police,  the sheriffs" and others "in harm's way." Protecting the public is a purpose of a felony sentence under R.C. 2929.11(A). Mr. Head acknowledged that he has cannabis use disorder, a factor to consider under R.C. 2929.12(D)(4). He waived a presentence  investigation and did not raise facts relating to R.C. 2929.12(E) at sentencing.

{¶18} The trial court stated that it considered "the principles and purposes of sentencing set forth in R.C. 2929.11" and that the imposed sanctions are "adequate to punish the Defendant and protect the public[.]" The record supports the conclusion that the court considered the statutory factors when it imposed a 20-year driver's license suspension. We accordingly conclude that Mr. Head has not established that the record does not support the trial court's findings or that the imposition of his sentence is otherwise contrary to law. *Marcum*, 2016-Ohio-1002, at ¶ 1. Mr. Head's sole assignment of error is overruled.

III.

{¶19} Mr. Head's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

_____

SCOT STEVENSON
FOR THE COURT

 

 

FLAGG LANZINGER, P. J.
SUTTON, J.
<u>CONCUR.</u>

 

<u>APPEARANCES:</u>

GREGORY SCOTT ROBEY, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.